Filed 7/21/22  Cavana v. Ingram CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Amador)

----

| | |
|---|---|
| JOE CAVANA et al., | C091873 |
| Plaintiffs and Appellants, | (Super. Ct. No. 19CV11315) |
| v. | |
| KAREN INGRAM, | |
| Defendant and Respondent. | |

Joe and Terri Cavana filed a defamation action against Karen Ingram, and Ingram responded with a special motion to strike the complaint as a Strategic Lawsuit Against Public Participation under Code of Civil Procedure section 425.16 (the anti-SLAPP motion).[1]  The trial court granted the anti-SLAPP motion and awarded costs and attorney fees to Ingram.

---

[1]  Undesignated statutory references are to the Code of Civil Procedure.

1

The Cavanas now appeal, contending the trial court erred by (1) finding Ingram's statement was made in connection with an issue of public interest, (2) concluding the Cavanas did not make a showing of probability of prevailing on the merits, and (3) sustaining Ingram's objections to evidence the Cavanas submitted in opposition to the anti-SLAPP motion. Finding no error, we will affirm.

BACKGROUND

A

Section 425.16 provides that "[a] cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." (§ 425.16, subd. (b)(1).) The statute "sets out a procedure for striking complaints in harassing lawsuits that are commonly known as SLAPP suits . . . , which are brought to challenge the exercise of constitutionally protected free speech rights." (*Kibler v. Northern Inyo County Local Hospital Dist.* (2006) 39 Cal.4th 192, 196.)

When a defendant files an anti-SLAPP motion, the trial court engages in a two-step analysis. First, the trial court considers whether the defendant has established that the gravamen of the complaint challenges activity protected by section 425.16. If the defendant establishes that the complaint relates to protected activity, the trial court must determine whether the plaintiff has satisfied the burden of showing that there is a probability of success on the merits. (*Monster Energy Co. v. Schechter* (2019) 7 Cal.5th 781, 788 (*Monster Energy*).)

We apply the independent standard of review to the trial court's ruling on the anti-SLAPP motion. (*Flatley v. Mauro* (2006) 39 Cal.4th 299, 325.)

2

B

The Cavanas filed a complaint against Ingram, alleging trade libel and slander and seeking injunctive relief and damages. They alleged Ingram's daughter Anna worked at the Cavanas' restaurant and, after she terminated her employment, filed a claim for unemployment benefits and a complaint against the Cavanas with the Department of Industrial Relations. The Cavanas' complaint also alleged Ingram made defamatory statements, including on Facebook, that the Cavanas refused to honor gift cards and illegally denied their employees breaks and overtime pay.[2]

Ingram answered the complaint and filed an anti-SLAPP motion in which she argued her statements were made in a public forum in connection with an issue of public interest. She also argued the Cavanas could not demonstrate a probability of success on the merits.

The trial court granted Ingram's anti-SLAPP motion and dismissed the action. Later, the trial court granted Ingram's motion for costs and attorney fees, awarding $12,475 against the Cavanas. The Cavanas appeal both the judgment and the order granting costs and attorney fees. However, their sole contention concerning the order granting costs and attorney fees is that it must be reversed because the order granting the anti-SLAPP motion must be reversed.

---

[2] The Cavanas included a declaration by Terri Cavana in their filings opposing the anti-SLAPP motion. Attached as an exhibit to the declaration was a printed copy of what Terri asserted was a Facebook post written by Ingram. The alleged post read: "My niece went into Cavana's in Sutter Creek recently with a $50 gift card her grandmother gave her. The owners daughter would not honor it because Anna had signed it! They are such awful people! It's not the patrons fault that the employee doesn't work there anymore! Then she tried to say they've changed their gift cards from paper. So what! $50 is $50. I hope everyone stops patronizing them." On appeal, the Cavanas cite this printed copy of that alleged Facebook post as support for their defamation action against Ingram. But the trial court sustained Ingram's objection to the proffered exhibit on grounds of hearsay, foundation, and authentication.

DISCUSSION

I

The Cavanas contend the trial court erred by finding the allegedly defamatory statements were made in connection with an issue of public interest. In making this contention, the Cavanas refer only to their allegation that Ingram made a defamatory Facebook post about refusal of the gift certificate. The Cavanas do not mention that in their complaint, they also allege Ingram made defamatory statements about the Cavanas illegally denying their employees breaks and overtime pay.

As relevant here, the anti-SLAPP statute protects "any . . . conduct in furtherance of the exercise of . . . the constitutional right of free speech in connection with a public issue or an issue of public interest." (§ 425.16, subd. (e)(4).) The trial court determined the relevant statements were made in a public forum in connection with issues of public interest, relying mainly on *Paradise Hills Associates v. Procel* (1991) 235 Cal.App.3d 1528, disapproved on other grounds in *Kowis v. Howard* (1992) 3 Cal.4th 888, 898. In that case a homeowner successfully appealed a preliminary injunction that prohibited her from making statements about the quality of construction in a housing development, statements that allegedly interfered with sales of additional homes in the development. The Court of Appeal held that the homeowner's speech enjoyed greater First Amendment protection than commercial speech because it related to the public interest by providing consumer information. (*Paradise Hills*, at pp. 1534-1536, 1543-1545.)

"The public interest requirement of [the anti-SLAPP statute] must be ' "construed broadly" so as to encourage participation by all segments of our society in vigorous public debate related to issues of public interest.' [Citation.] The Legislature inserted the 'broad construction' provision out of concern that judicial decisions were construing that element of the statute too narrowly." (*Gilbert v. Sykes* (2007) 147 Cal.App.4th 13, 23.) Nevertheless, a recent appellate court case concluded that a consumer dispute over a cake did not involve an issue of public interest. (*Woodhill Ventures, LLC v. Yang* (2021)

4

68 Cal.App.5th 624 (*Woodhill Ventures*).)  In that case, the defendant ordered a birthday cake for a " 'modern Mad Science Birthday Party' " from the plaintiff bakery.  The defendant provided a picture of what the defendant had in mind.  The picture included pill-like objects on the cake.  When the plaintiff delivered the cake, the defendant was shocked that the cake appeared to have realistic-looking pills made from icing.  After a dispute over the cake, the defendant began posting on social media and podcasting to his large following about the dispute.  The defendant accused the plaintiff of wrongdoing and encouraged others not to do business with the plaintiff.  The plaintiff demanded correction or retraction of the defendant's statements, but the defendant refused.  (*Id.* at pp. 628-629.)

The plaintiff in *Woodhill Ventures* filed a defamation action against the defendant, and the defendant filed an anti-SLAPP motion.  The trial court, however, denied the motion because the defendant's statements did not involve the public interest and the defendant showed a probability of prevailing on the merits.  (*Woodhill Ventures, supra*, 68 Cal.App.5th at pp. 629-630.)  The Court of Appeal affirmed.  It concluded that the defendant's social media posts and podcasts were not in connection with an issue of public interest because they related to a private dispute over one transaction between the parties.  The court wrote:  "[The defendant] is complaining about a cake order.  He did not like the cake and he did not like the service.  Those are not issues of public interest." (*Id*. at p. 636.)

While the Facebook post in the instant case may bear some similarity to the social media posts in *Woodhill Ventures*, this case is otherwise distinguishable.  The Cavanas' complaint also alleged defamatory statements asserting that the Cavanas illegally denied their employees breaks and overtime pay.  The Cavanas make no effort on appeal to establish the assertions concerning illegal workplace practices were not issues of public interest.  Under the circumstances, the Cavanas have not established trial court error on the first prong of the anti-SLAPP analysis.

Although the Cavanas argue the Facebook post was untrue, that is an assertion they should have addressed in connection with the second prong of the anti-SLAPP analysis, which we discuss next.

II

The Cavanas next contend there was sufficient evidence they had a probability of prevailing on the merits. This relates to their burden of proof on the second prong of the anti-SLAPP analysis. (*Monster Energy, supra*, 7 Cal.5th at p. 788.) But they assert this argument for the first time on appeal. In the trial court's order, it noted: "[The Cavanas] fail to meet their burden with competent and admissible evidence and simply do not address the burden at all in their opposition, focusing only on the first prong of the analysis."

The Cavanas opposed the anti-SLAPP motion with points and authorities and accompanying declarations and exhibits. They argued Ingram's statements were not protected activity and were not made in connection with an issue of public interest. Their opposition, however, did not include an argument concerning the Cavanas' probability of prevailing on the merits. There was no mention of the elements of a defamation cause of action, no citation to authority on how to establish a defamation cause of action, and no connection to admissible evidence establishing that the Cavanas could factually support the elements of a defamation cause of action.

At the hearing on the anti-SLAPP motion, counsel for the Cavanas argued the first prong of the anti-SLAPP analysis, claiming that the allegedly defamatory Facebook post was not about an issue of public interest. Rather, counsel argued, it was made to a relatively small and specific audience on Facebook. Counsel for Ingram noted there was no evidence in the record supporting a probability of success on the merits. Counsel for the Cavanas replied: "[B]ecause of the way the courts look at the analysis of whether SLAPP even applies, you don't even get to the probability of success on the merits

6

because you can't get off of first base." Counsel for the Cavanas then reiterated the Cavanas' position on the public-interest issue.

Ingram argues the Cavanas cannot now assert there is a probability of success on the merits when they ignored the issue in the trial court. We agree because the Cavanas had the burden to make the required showing in the trial court and failed to do so. (*Monster Energy, supra*, 7 Cal.5th at p. 788.) We will not reverse a trial court's order based on an argument not presented in the trial court. (See *NBCUniversal Media, LLC v. Superior Court* (2014) 225 Cal.App.4th 1222, 1236-1237 [failure to make an argument in the trial court forfeits consideration of the argument on appeal].) The Cavanas have forfeited appellate consideration of whether they could establish a probability of success on the merits.

III

The Cavanas further contend the trial court abused its discretion by sustaining all of Ingram's objections to the evidence the Cavanas submitted in opposition to the anti-SLAPP motion.

Ingram made 30 objections to evidence submitted by the Cavanas in opposition to the anti-SLAPP motion, and the trial court sustained all of them. On appeal, the Cavanas argue the sustaining of all the evidentiary objections shows the trial court failed to exercise its discretion. (See *People v. Penoli* (1996) 46 Cal.App.4th 298, 302 ["a ruling otherwise within the trial court's power will nonetheless be set aside where it appears from the record that in issuing the ruling the court failed to exercise the discretion vested in it by law"].) According to the Cavanas, "[n]ot every single objection raised should be sustained." We disagree that the sustaining of all the objections establishes that the trial court failed to exercise its discretion. The trial court gave reasons for sustaining each objection, which shows that the trial court understood and exercised its discretion.

Alternatively, the Cavanas argue the trial court's sustaining of several of the evidentiary objections was an abuse of discretion. For the most part, however, they fail

7

to provide authority that the trial court's rulings were an abuse of discretion. (See *Ewald v. Nationstar Mortgage, LLC* (2017) 13 Cal.App.5th 947, 948 [failure to provide authority forfeits appellate contention].) More importantly, they make no attempt to establish that any particular asserted abuse of discretion was prejudicial. There is no specific argument or authority provided concerning prejudice. We do not consider evidentiary issues in a vacuum; an appellate contention of evidentiary error cannot survive without the oxygen of a prejudice showing. (Cal. Const., art. VI, § 13; Code Civ. Proc., § 354.) We therefore conclude the Cavanas have failed to adequately support their contention that the trial court's evidentiary rulings constituted an abuse of discretion.

DISPOSITION

The judgment, and the order awarding costs and attorney fees, are affirmed. Ingram is awarded her costs on appeal. (Cal. Rules of Court, rule 8.278(a).)


                                              /S/
                                        MAURO, J.


We concur:


/S/
HULL, Acting P. J.


/S/
HOCH, J.