Filed 10/28/22  Marriage of Sholtis CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| In re Marriage of ISABELLA and ROBERT SHOLTIS.<br>_____<br>ISABELLA V. BIASUTTO,<br><br>Respondent,<br><br>v.<br><br>ROBERT J. SHOLTIS,<br><br>Appellant. | B322740<br><br>(Los Angeles County<br>Super. Ct. No. 1-08-FL-148223) |

APPEAL from an order of the Superior Court of Santa Clara County, James L. Stoelker, Judge.  Affirmed.

Robert J. Sholtis, in pro. per., for Appellant.

Isabella V. Biasutto, in pro. per., for Respondent.

————————

## INTRODUCTION

Robert Sholtis (Robert) appeals from the Family Court's May 29, 2019 order denying his post-judgment Request For Order (RFO) on several issues—modification of child custody, visitation, child support, property control, child tax credit, psychological therapy for alleged child abuse, possession of child's passport, and attorney's fees and costs—against his now former wife Isabella V. Biasutto (Isabella).[1]

Robert presents many arguments on appeal. Because he has not provided an adequate record on appeal or sufficient argument or citation to legal authority to support his contentions, we find his appeal forfeited.

We affirm the order denying his RFO.

## FACTUAL AND PROCEDURAL BACKGROUND

We glean the following information from the scanty record provided us, which includes two minute orders, orders after hearing from the year 2009, the reporter's transcript for hearings held January 8, 2009 and April 30, 2019, the register of actions (i.e., case summary), and the court's May 29, 2019 ruling that forms the basis of this appeal.

On November 7, 2008, Isabella filed a petition in Santa Clara Superior Court for dissolution of her marriage to Robert, with whom she shares one minor child, Patrick, born January 2005. Robert "served in the U.S. Army as career military and . . . served in the reserves with the rank of Lt. Colonel in the military intelligence branch."

---

[1] We refer to the parties individually by their first names.

A "very contentious and tumultuous dissolution" ensued for years.

On August 1, 2011, the court awarded Robert and Isabella joint legal and physical custody of Patrick. Robert was given "liberal parenting time" (visitation) including 10 consecutive days on Patrick's school vacations/breaks and a "total allotment of 30 days of vacation/leave time with son."

On August 16, 2012, the court entered a judgment of dissolution limited to the issue of marital status and division of property. To equalize the division of community property assets and debts, the court ordered Robert to pay Isabella the sum of $30,000 from retirement accounts via a rollover IRA. The court reserved jurisdiction over all other issues.

On December 12, 2016, the court ordered Robert to pay Isabella the amount of $1,277 per month as child support.

On December 27, 2017, Robert filed the RFO, which is not included in the record on appeal. We understand from the trial court's statement of decision that Robert's RFO raised several issues, including "a request for change of child custody, visitation, child support, attorney fees and costs, property control, certification of settlement paid, sanctions for causing job loss, child tax credit, an order for psychological therapy for [Isabella] due to abuse of child, and possession of minor child['s] passport." Robert requested sole legal and physical custody of Patrick, with "no visitation" to Isabella until she completes 10 psychiatric therapy sessions. Robert alternatively requested that the court allow Patrick to make his own decision as to custody and visitation.

On January 18, 2018, Isabella filed a responsive declaration to the RFO, as well as an income and expense declaration. Neither document is included in the appellate record.

The hearing on Robert's RFO was originally set for February 5, 2018 but was continued multiple times and finally heard on April 30, 2019. Robert and Isabella presented evidence and argued at length before the court. The court commented that "there are a number of documents that were admitted into evidence" that it wanted to "thoroughly review[] or stud[y] for their application to this case." The court took the matter under submission. Those documents are not part of the appellate record.

On May 29, 2019, the court issued its six-page statement of decision, including the following rulings and "evidentiary findings":

Robert "is frequently deployed overseas and must report without significant advanced notice and may serve in that assignment for an indefinite period of time. As a result, [Robert] believes that, in his opinion, he has never enjoyed a good amount of time with his son" and "contends that on multiple occasions, [Isabella] has interfered with visitation, including with an opportunity for [Robert] to meet up with son when both were in Europe." Contrary to the timeshare with Patrick set out in the current orders, Robert "has had only 50 days of time in the last ten years. Clearly, [Robert's] job obligations which take him out of the country for extended periods of time as well as his son's living in Sarasota, Florida make visitation difficult." The visitation schedule was "intentionally left vague" when issued because Isabella left California to live in Florida with Patrick,

4

and Robert was frequently out of the country on military assignment. Patrick's presence in court was not requested by either party, and the court gave "no weight" to Robert's "testimony about what Patrick would have said had he been at trial."

The court found "no convincing evidence was presented that Patrick's safety is threatened by living with [Isabella]—with whom he has lived primarily since the time of separation." The court determined the best interests of the child and found "no evidence which compels a change of custody for Patrick." The court found it in Patrick's best interest that a "new and more definite visitation plan should be agreed upon and fixed." But "neither the evidence at trial nor argument of the parties assisted the court in working out a mutually satisfactory plan that would serve the best interests of Patrick." For that reason, the court did not modify visitation and instead "reserve[d] jurisdiction to examine this issue again . . . when [Robert] can establish a more stable and consistent environment for his time with Patrick."

Robert admits he has not paid Isabella the $30,000 the August 16, 2012 judgment ordered him to pay. Over time Robert's sister voluntarily paid as much as $40,000 directly to Isabella instead, which Robert contends "constitutes satisfaction of the debt." Isabella acknowledged receipt of checks from Robert's sister totaling $40,000 but "contends the sister's payments were simply generous gifts and were never intended to be paid in satisfaction of [Robert's] debt." The court found Isabella's position "is supported by the fact that there is no writing between sister and [Isabella] which mentions [Robert's] debt. On the contrary, any writing frequently refers to the checks as 'gifts.' " The court determined, based on the "preponderance of

the evidence presented," that the "payments must be considered gifts without crediting any of them to the long outstanding debt owed by [Robert]."

The court did not modify child support as it did not have current income and expense declarations from the parties.

As to the remaining issues, the court denied the RFO, finding insufficient evidence to meet Robert's burden of proof.

This appeal followed.

## DISCUSSION[2]

Robert presents many arguments on appeal; however, his briefing and the record on appeal preclude us from entertaining his contentions.

We are mindful Robert is representing himself on appeal; nevertheless, he "is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys." (*Barton v. New United Motor Manufacturing, Inc.* (1996) 43 Cal.App.4th 1200, 1210.) He is bound to follow fundamental rules of appellate review, including: "[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.) " 'All

---

[2] On January 18, 2022, Isabella filed a request to introduce evidence. We deny the request. We do not know if the evidence included as part of Isabella's request was admitted by the trial court. Further, many of the documents Isabella sought to introduce on appeal were dated or generated *after* the date of the April 30, 2019 hearing or May 29, 2019 statement of decision.

intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) To overcome this presumption, an appellant must provide a record that allows for meaningful review of the challenged order. (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187.)

While we were provided the reporter's transcript of the April 30, 2019 proceeding, Robert failed to include as part of the record relevant pleadings and documents necessary for our review of issues he has raised on appeal. For instance, the record does not include a copy of the operative RFO filed by Robert on December 27, 2017, Isabella's responsive declaration filed January 18, 2018, any income and expense declarations, and any of the evidence presented in connection with the proceeding. Also missing is the parties' judgment of dissolution entered August 16, 2012, which included relevant terms relied upon by the parties. It is appellant's burden to produce a record " 'which overcomes the presumption of validity favoring [the] judgment.' " (*Webman v. Little Co. of Mary Hospital* (1995) 39 Cal.App.4th 592, 595.) Failure to provide an adequate record requires that the issue be resolved against the appellant. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295–1296; see *Oliveira v. Kiesler* (2012) 206 Cal.App.4th 1349, 1362.)

It must also be noted that Robert's sole brief contains not a single citation to the record on appeal. He makes generalized and conclusory legal statements throughout his brief, without referring to specific evidence relevant to our consideration of his claims. It is not this court's task to search the record for evidence that supports a party's factual statements, and we may disregard

statements not supported by proper citation.  (*In re Marriage of Tharp* (2010) 188 Cal.App.4th 1295, 1310, fn. 3; *Regents of University of California v. Sheily* (2004) 122 Cal.App.4th 824, 826, fn. 1.)  We will not scour the record on our own in search of supporting evidence.  (*Sharabianlou v. Karp* (2010) 181 Cal.App.4th 1133, 1149.)

Next, in contravention of California Rules of Court, rule 8.204(a)(1), Robert refers to pleadings and evidence in his opening brief that are not part of the record.  For instance, he refers to the court's January 9, 2009 hearing when, he alleges, "Judge Mary Arand directly violated [Family Code section 3047]." However, the court's order made at the January 9, 2009 hearing is not currently before us on appeal.  Before us now is only the court's May 29, 2019 order denying Robert's RFO.

Finally, Robert failed to offer legal support and reasoned analysis of the issues raised on appeal.  He refers to no case law or authority to support his rather conclusory and bare-boned arguments.  An appellant who does not provide adequate legal authority and analysis to support a contention forfeits that contention.  (*Ewald v. Nationstar Mortgage, LLC* (2017) 13 Cal.App.5th 947, 948; *Nielsen v. Gibson* (2009) 178 Cal.App.4th 318, 324.)  It is not our role to develop the appellant's legal theories or arguments on appeal.  We treat an issue and/or argument as waived " ' "[w]hen an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority." ' "  (*Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956.)  "The absence of cogent legal argument or citation to authority allows this court to treat the contentions as waived."  (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830; see also Cal. Rules of

Court, rule 8.204(a)(1)(B) ["support each point [in a brief] by argument and, if possible, by citation of authority"].)

Robert's failure to provide a complete record on appeal, as well as adequate legal discussion and cogent argument with references to relevant evidence and the appellate record in general, preclude us from entertaining his arguments on appeal. Accordingly, we affirm.

## DISPOSITION

The May 29, 2019 order denying the request for order is affirmed. Costs are awarded to respondent Isabella V. Biasutto.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


STRATTON, P. J.

We concur:



WILEY, J.



HARUTUNIAN, J.*

---

*      Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

9