Filed 12/6/22 A.C. v. Parras CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| A.C.,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>STEPHANNE PARRAS,<br><br>　　　Defendant and Appellant. | H049610<br>(Monterey County<br>Super. Ct. No. 21CV003048) |

Appellant StephAnne Parras,[1] representing herself, appeals a civil harassment restraining order entered against her pursuant to Code of Civil Procedure section 527.6 based on her conduct toward her then-neighbor, A.C.[2] Parras raises a number of contentions, principally that the trial court violated her constitutional rights to due process and equal protection. For the reasons explained below, we affirm the trial court's order.

---

[1] Consistent with appellant's briefing in this court, we spell her last name as "Parras." The trial court records (including the restraining order) spell her last name as "Porras."

[2] To protect her personal privacy interests and pursuant to the applicable rules of court, we refer to the protected person by her initials. (See Cal. Rules of Court, rule 8.90(b)(5).) A.C. has not participated in this appeal.

## I. FACTS AND PROCEDURAL BACKGROUND

A.C. and Parras were next-door neighbors in Seaside for a number of years.[3] On September 28, 2021,[4] A.C. filed a request for a civil harassment restraining order against Parras, alleging that Parras had harassed her.

On October 28, the trial court conducted a court trial on A.C.'s request for a restraining order against Parras. A.C. and Parras were present in the courtroom and represented themselves. At the outset of the hearing, the trial court asked the parties to identify themselves. Parras refused to come forward or state her name. When the trial court questioned her whether she was the respondent, Parras responded that "I am not. The spelling is wrong, and I am not that person."[5] A.C. identified herself and identified Parras as the person against whom she was seeking a restraining order. The trial court confirmed that Parras had been served by the Seaside Police Department on September 29.[6]

A.C. testified that she had lived next door to Parras for a number of years. Their dispute began when Parras stated she did not like "flower petals" going across her driveway from A.C.'s yard. A.C. had tried "everything" to try to accommodate Parras but the situation had "spiraled from there." Parras would climb on A.C.'s roof and look into her yard. Additionally, Parras had "tampered" with A.C.'s security cameras. A police officer had informed A.C. that she could either move or get a restraining order against Parras.

A.C. testified that, on September 21, another incident occurred that prompted her to seek a restraining order against Parras. On that day, it was "really warm" and A.C.

---

[3] During the pendency of this appeal, Parras informed this court that she has changed her address.

[4] Unless otherwise indicated, all dates were in 2021.

[5] Later in the hearing, Parras stated to the trial court that her "name is not Porras, it's Parras." Parras did not dispute that she was A.C.'s next-door neighbor.

[6] The trial court referenced a proof of service, but it does not appear in the record on appeal.

was at home with a fan "propped up" and her window open. A.C. looked out the window and observed Parras directing "flea and tic[k] fogger facing into" her home. Parras "was facing this chemical, you know, bug bomb into my house where I have pets and stuff." A.C. had seen Parras "doing all this with a smile on her face."

A.C. stated she believed Parras had exhibited "more and more aggressive" behavior. She felt it was "kind of scary at this point" and noted that she lived by herself. A.C. was concerned for her and her pets' health. Parras did not work and was "always there."

At the conclusion of A.C.'s testimony, the trial court addressed Parras, who was still present in the courtroom. The court invited Parras to testify. Parras stated she had a "letter" and an "affidavit of status" and referenced a "declaration and a notice of fault for grievances in the court." Parras asserted that "estoppel" existed and that she had "no business in [an] Article One court" because she was an "American national." The trial court asked Parras if she wished to testify, and Parras responded that she could not. Parras stated "This court is an estoppel" and she had "no contract with this person" and "no knowledge of this."

The trial court noted that Parras was declining to testify and that it had "reviewed" her "documents."[7] After Parras asserted her documents had been "filed and notarized," the trial court noted that she had not filed anything with the court. Parras stated, "Probably not yet." Parras provided some further commentary to the trial court but did not testify. The trial court later stated its understanding of Parras's argument was that she was challenging "the sovereignty of this State court of California."

At the hearing, the trial court issued oral findings and rulings. The court found that A.C. had detailed "some pretty serious incidents of [Parras] entering onto [A.C.'s]

---

[7] It is not clear from the record which documents the trial court had reviewed. The clerk's transcript does not contain any documents filed by Parras in the trial court, other than her notice of appeal.

3

roof and [A.C.'s] patio" in A.C.'s request for a restraining order and it found her statements were true and correct. The trial court stated that, while Parras had chosen not to testify, it had evidence in the form of A.C.'s testimony. The court also noted it had received A.C.'s declaration signed under penalty of perjury that "documents a course of conduct that [it] believe[d] [] qualif[ied] as harassing conduct."[8]

The trial court found Parras had engaged in a "knowing and willful course of conduct" that it found "very concerning and clearly alarming" and "serves no legitimate purpose." The court explained that "[t]here is no legitimate purpose for spraying a fogger or entering somebody's rooftop and looking over the fence at you at all unusual times of day and night." The court found A.C.'s declaration had established a course of conduct "over at least the last several years." The trial court found that Parras's conduct would "cause a reasonable person to suffer substantial emotional distress and actually caused [A.C.] distress."

The trial court entered a three-year permanent restraining order against Parras. The order included personal conduct orders that, inter alia, prohibited Parras from harassing A.C. and stay-away orders that ordered Parras to stay away at least four yards from A.C., her home, her vehicle, and her animals. The trial court set October 28, 2024, as the expiration date for the restraining order.

After pronouncing its findings in the courtroom, the trial court noted that Parras was "present in the courtroom" but that the court was going to recommend that she be given a "hard copy of the order because [it] [was] not sure if she's here or not" since she was "present but not participating." On November 1, the trial court issued a written civil harassment restraining order that conformed with its rulings at the hearing.

---

[8] The documents filed by A.C. in support of her request for a restraining order, including her declaration, do not appear in the record on appeal.

4

Parras timely appealed the restraining order, which is appealable pursuant to Code of Civil Procedure section 904.1, subdivision (a)(6), as an order granting an injunction. (See *R.D. v. P.M.* (2011) 202 Cal.App.4th 181, 187.)

## II. DISCUSSION

Parras appeals the trial court's order granting the restraining order. To the extent we are able to discern her legal arguments, we understand her principally to contend that the trial court violated her constitutional rights to due process and equal protection under the law.

The general rule of appellate review is that a reviewing court examines the correctness of a judgment or order based upon a record of those matters that were before the trial court for its consideration. (*In re Zeth S.* (2003) 31 Cal.4th 396, 405.) This means the appellate court will only consider matters that were part of the record at the time the judgment or order was entered and will disregard statements of fact or factual assertions that are not supported by references to the record from the trial court. (*McOwen v. Grossman* (2007) 153 Cal.App.4th 937, 947.) Parras, although self-represented, must follow these rules. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247.)

We also are required, under the principles of appellate review, to presume the trial court's order was correct. As the appellant, Parras must show error based on the documents from the trial court that she has provided as part of the record on appeal. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609 (*Jameson*); *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; see *Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187.)

The clerk's transcript contains only the written restraining order and Parras's notice of appeal. It does not contain A.C.'s papers in support of her restraining order request, including her declaration that the trial court expressly relied on to support its ruling. Without a complete record of evidence before the trial court at the hearing, this

5

court cannot conduct a meaningful review of the court's order and must deny the appeal on that basis. (*Jameson*, *supra*, 5 Cal.5th at p. 609.)

Additionally, it is the appellant's duty to support the contentions on appeal with argument and citation to authority that demonstrates prejudicial error warranting reversal. (*Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 276–277.) In other words, the appellant must support each claim of error with meaningful analysis and citation to legal authority, beginning with the applicable standard of review. (*Ewald v. Nationstar Mortgage, LLC* (2017) 13 Cal.App.5th 947, 948.) Failure to do so allows the reviewing court to deem the unsupported contentions forfeited. (*Ibid.*; see also *Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 655; *In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830 (*Falcone & Fyke*).) "Failure to acknowledge the proper scope of review is a concession of a lack of merit." (*Sonic Manufacturing Technologies, Inc. v. AAE Systems, Inc.* (2011) 196 Cal.App.4th 456, 465.)

Parras fails to satisfy these fundamental aspects of appellate briefing. For example, she asserts she is a "disabled woman" and that the underlying proceeding was "criminal." But Parras provides no record citations for those assertions. Moreover, while she asserts a violation of due process and equal protection and also makes an allusion to "elder abuse" and a violation of the Americans with Disabilities Act, the record does not reflect she made any of these arguments to the trial court and thus has forfeited her right to assert these claims on appeal. Her opening brief on appeal fails to present argument grounded in any relevant legal authority. For example, she cites and discusses various rules of the Federal Rules of Civil Procedure (which do not apply to these proceedings) but fails to cite to any of the governing California procedural rules.

Even assuming we could reach the merits of her claims, we do not agree on this record that the trial court committed reversible error in issuing the restraining order. "We review the trial court's decision to grant the restraining order for substantial evidence. [Citation.] 'The appropriate test on appeal is whether the findings (express and implied)

6

that support the trial court's entry of the restraining order are justified by substantial evidence in the record. [Citation.] But whether the facts, when construed most favorably in [petitioner's] favor, are legally sufficient to constitute civil harassment under [Code of Civil Procedure] section 527.6, and whether the restraining order passes constitutional muster, are questions of law subject to de novo review.' " (*Harris v. Stampolis* (2016) 248 Cal.App.4th 484, 497.)

Parras does not appear to assert a lack of substantial evidence to support the trial court's findings. She states A.C.'s testimony at the hearing was "non-sense" [*sic*] and "sounds like two high [] school girls fighting over nothing." (Italics and underlining omitted.) Nevertheless, A.C.'s testimony provides ample evidence to support the trial court's findings. Regarding her due process claim, Parras had the opportunity to testify and present her own evidence, but she chose not to do so. Additionally, we have reviewed the entire record, including the reporter's transcript of the hearing, and conclude that it does not support her attacks on the trial court's conduct. Parras refers to the concept of equal protection under the law and asserts the trial court violated its obligation to "protect both sides of the law," but she fails to develop her argument further. Parras's assertion is insufficient to establish reversible error. (*Niko v. Foreman* (2006) 144 Cal.App.4th 344, 368.)

Parras points out in her opening brief that she is not an attorney. Nevertheless, she must comply with the fundamental principles of appellate review. (See *Falcone & Fyke*, *supra*, 164 Cal.App.4th at p. 830.)

We decide Parras has failed to meet her burden to demonstrate any reversible error by the trial court in granting the restraining order.

### III. DISPOSITION

The civil harassment restraining order is affirmed.

_____
Danner, J.

WE CONCUR:


_____
Bamattre-Manoukian, Acting P.J.




_____
Wilson, J.




**H049610**
*A.C. v. Parras*