Filed 9/28/23  Wu v. Cal. State Teachers' Retirement System CA3

# NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| REBECCA WU, | C095632 |
| Plaintiff and Appellant, | (Super. Ct. No. 34-2020-80003303-CU-WM-GDS) |
| v. | |
| CALIFORNIA STATE TEACHERS' RETIREMENT SYSTEM, | |
| Defendant and Respondent. | |

Plaintiff Rebecca Wu appeals the trial court's order granting defendant California State Teachers' Retirement System's (CalSTRS) motion for judgment on the pleadings. Specifically, the trial court found that CalSTRS had no duty to audit an individual school district to determine whether teacher employees, such as Wu, were properly classified by the school district under the Education Code.

1

On appeal, Wu agrees CalSTRS cannot change her classification with the school district that employed her but contends CalSTRS has a duty to investigate her proper classification for the purpose of calculating her service credits and retirement contributions.  We disagree and affirm.

FACTUAL AND PROCEDURAL BACKGROUND[1]

Wu worked for the Twin Rivers Unified School District (District) for many years in a position classified as an hourly substitute teacher.  (*Wu v. Twin Rivers Unified School Dist.*, *supra*, C088570.)  Substitute teachers are defined by statute as those who "fill positions of regularly employed persons absent from service."  (Ed. Code,[2] § 44917.)  Wu, however, did not replace a teacher but taught independent study students three days a week in a yearly-set schedule.  (*Wu.*)  By statute, she should have been classified as a probationary teacher because she did not fit into any other definition of teachers under the Education Code.  (See *California Teachers Assn. v. Vallejo City Unified School Dist.* (2007) 149 Cal.App.4th 135, 146 ["Section 44915 . . . establishes probationary status as the default classification for teachers whom the Education Code does not require to be classified otherwise"].)  In a separate proceeding, Wu sued the District for misclassifying her as a substitute teacher and requested as relief only that the District reclassify her as a tenured/permanent teacher.  (*Wu.*)  Probationary teachers become tenured/permanent teachers once they have worked 75 percent of the days in a school year for two consecutive years.  (§§ 44908, 44929.21, subd. (b).)  We determined the District had misclassified Wu, but that she was not entitled to tenured/permanent status because she

---

[1]     We construe Wu's request for judicial notice of our opinion in *Wu v. Twin Rivers Unified School Dist.* (Mar. 2, 2023, C088570) [nonpub. opn.] as a motion to incorporate by reference and grant that motion.  We note that CalSTRS is aware of that opinion and referenced our ruling in its appellate brief.

[2]     Undesignated section references are to the Education Code.

2

did not work 75 percent of the days in any school year when she was employed by the District. (*Wu.*)

While that suit was pending, Wu also sued CalSTRS by filing a verified petition for writ of mandate under Code of Civil Procedure section 1085 (petition). In the petition, Wu asserted she had contacted CalSTRS hundreds or dozens of times through phone calls, e-mails, and in-person meetings to report the District's misclassification of her employment status and to request CalSTRS investigate the District's reporting as it pertained to her. In sum, Wu asserted that because of her misclassification as a substitute teacher, she "was not paid the proper salary schedule in credits, pay, and matching pay by [the District] to [Cal]STRS." As her prayer for relief, Wu requested the trial court: (1) declare that the District failed in its mandated duty to properly classify her under the Education Code; (2) order CalSTRS to "[r]eview, assess, and determine the correct credits and contributions [the District] should have [made] from 2007[ to ]2019"; (3) order CalSTRS to change her service credits to reflect that five or six hours of instruction time equates to a full day of service credit; and (4) order CalSTRS to enforce or collect "the changed amount of credits or compensation, [and] interest from [the District]" and base that calculation "on [the] proper classification regardless of [the] District['s] classification."

CalSTRS brought a motion for judgment on the pleadings arguing it had no duty to investigate or audit the District's classification of its employees and that Wu had an adequate remedy at law against the District to achieve her goal of proper classification. The trial court agreed and granted CalSTRS's motion for judgment on the pleadings and denied Wu leave to amend.

Wu appeals.

## DISCUSSION

Before we delve into the merits of Wu's arguments, we note appeals are subject to rules. When an appellant fails to follow those rules, we may deem arguments forfeited.

3

For example, we may deem arguments forfeited when the appellant discusses or raises lurking or tangential arguments without providing proper headings identifying the arguments as issues to be decided on appeal. (*Pizarro v. Reynoso* (2017) 10 Cal.App.5th 172, 179 ["Failure to provide proper headings forfeits issues that may be discussed in the brief but are not clearly identified by a heading"]; *Imagistics Internat., Inc. v. Department of General Services* (2007) 150 Cal.App.4th 581, 593, fn. 10 [appellate courts have no duty to respond to improperly headed lurking or tangential arguments].) "We may and [also] do 'disregard conclusory arguments that are not supported by pertinent legal authority or fail to disclose the reasoning by which the appellant reached the conclusions [s]he wants us to adopt.' " (*United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 153.) Finally, " ' "[a]rguments should be tailored according to the applicable standard of appellate review." [Citation.] Failure to acknowledge the proper scope of review is a concession of a lack of merit,' " rendering the arguments subject to forfeiture. (*Ewald v. Nationstar Mortgage, LLC* (2017) 13 Cal.App.5th 947, 948.) We deem several of Wu's arguments forfeited under the foregoing legal principles, as discussed *post*.

## I

### *The Scope Of The Appeal*

Wu's notice of appeal provides she is appealing from the trial court's order granting CalSTRS's motion for judgment on the pleadings and denying her leave to amend. In her opening brief, Wu purports to also appeal the trial court's orders granting CalSTRS's request for a protective order and overruling Wu's demurrer to CalSTRS's answer. Wu has failed to articulate in her opening brief how the additional orders pertaining to the protective order and the demurrer "necessarily affect[] the judgment or order appealed from or which substantially affect[ her] rights." (Code Civ. Proc., § 906; see Cal. Rules of Court, rule 8.204(a)(2)(B).) We are unable to determine from the record how the trial court's granting of a protective order and overruling of a demurrer

4

affected its ruling pertaining to CalSTRS's motion for judgment on the pleadings. Thus, Wu's appeal from the trial court's order granting CalSTRS's motion for judgment on the pleadings cannot be construed to also include a challenge to the trial court's orders pertaining to the protective order and demurrer.

Moreover, Wu does not spend any time in her appellate brief arguing why the trial court erred when granting the protective order and overruling her demurrer. Thus, to the extent those issues may be cognizable, Wu has forfeited any consideration of them. (See *Imagistics Internat., Inc. v. Department of General Services*, *supra*, 150 Cal.App.4th at p. 593, fn. 10 [appellate courts have no duty to respond to improperly headed lurking or tangential arguments].) Accordingly, our review is limited to the trial court's order granting CalSTRS's motion for judgment on the pleadings without leave to amend.

II

*The Trial Court Properly Granted CalSTRS's Motion For Judgment On The Pleadings*

To state a claim under Code of Civil Procedure section 1085, Wu must demonstrate "(1) no 'plain, speedy, and adequate' alternative remedy exists [citation]; (2) ' "a clear, present . . . ministerial duty on the part of the respondent" '; and (3) a correlative ' "clear, present and beneficial right in the petitioner to the performance of that duty." ' " (*People v. Picklesimer* (2010) 48 Cal.4th 330, 339-340.) "A ministerial duty is an obligation to perform a specific act in a manner prescribed by law whenever a given state of facts exists, without regard to any personal judgment as to the propriety of the act." (*Id.* at p. 340.)

Since mandamus is a remedy to "compel a public agency to comply with a ministerial duty," not "to compel [it] to exercise its discretion in a particular manner," "[a]n action's classification as ministerial or discretionary . . . is crucial to the ultimate question whether mandate lies." (*Citizens for Amending Proposition L v. City of Pomona* (2018) 28 Cal.App.5th 1159, 1186.) A duty is ministerial when the action is unqualifiedly required; " '[a] public entity has a ministerial duty to comply with its own

5

rules and regulations where they are valid and unambiguous.' " (*Ibid*.)  For questions of law, such as whether a duty exists, the appellate court applies a de novo review. (*Hayes v. Temecula Valley Unified School Dist.* (2018) 21 Cal.App.5th 735, 746.)  If the government has taken a discretionary action, however, "mandate lies only to correct abuses of discretion."  (*Citizens for Amending Proposition L*, at p. 1186.)

Wu agrees with the trial court that CalSTRS cannot audit the District for the purpose of changing her classification under the Education Code.  In her opening brief, Wu asserts she should have been classified as a tenured/permanent teacher, as her lawsuit against the District alleged, or separately that rights prescribed in a collective bargaining agreement between the District and substitutes at secondary schools should extend to her. In essence, Wu argued there were multiple bases for calculating the District's contributions and her credits and CalSTRS has a duty to determine which one is accurate. After filing her opening brief, we decided Wu's case against the District, concluding she was a probationary teacher who never achieved tenured/permanent status, and thus the District was not required to change Wu's classification to tenured/permanent teacher. (*Wu v. Twin Rivers Unified School Dist.*, *supra*, C088570.)  In Wu's reply brief she does not argue that a change in her classification from a substitute to a probationary teacher altered the District's contributions or her service credits.  Instead, she maintains her right to an increase in her retirement benefits derives from a collective bargaining agreement benefiting a bargaining unit of which she was not a member—according to Wu, because of her misclassification and status as an hourly employee.  Accordingly, Wu's contention remains that CalSTRS has a duty to audit the District's classification of her, for the purposes of her retirement calculations, in light of the definitions contained in the Education Code and rights negotiated for certain classes of teachers in a bargaining agreement.

But to do what Wu asks CalSTRS to do would effectively result in a reclassification of Wu's position with the District, at least as it pertains to CalSTRS.

Thus, we are not persuaded by Wu's efforts to distinguish what she is asking CalSTRS to do from reclassifying her position under the Education Code. As Wu demonstrates in her petition, her requested relief pertaining to CalSTRS hinges on her request that the trial court declare the District misclassified her employment status under the Education Code. Thus, Wu impliedly concedes the relief requested from CalSTRS is contingent on first gaining relief from the District.

The authorities cited by Wu do not alter the conclusion that CalSTRS does not have a ministerial duty to audit the District's teacher classification determinations. Wu cites to CalSTRS's general authority to audit school districts found in section 22206.

But, the statutory language of this section leaves the performance of an audit to the discretion of CalSTRS. (§ 22206, subd. (a) ["As often as the board determines necessary, it may audit or cause to be audited the records of any public agency"].) Thus, even if Wu were correct that CalSTRS *could* audit the District on her behalf for the purpose of classifying her employment status under the Education Code, CalSTRS does not have a ministerial duty to do so.

CalSTRS also does not have a duty to investigate the District's classification of Wu's employment status pursuant to California Code of Regulations, title 5, sections 27100 through 27103. Those sections provide for the administrative process of challenging a CalSTRS's decision or a final audit. (*Ibid*.) This review does not extend to teacher classifications under the Education Code, but merely to issues pertaining to calculations of retirement benefits. (See *id.*, § 27100, subd. (a) [an "applicant" is defined as a CalSTRS member "requesting review or appealing with respect to payment of allowances, benefits or refunds, or with respect to crediting service, or correction of records pursuant to [the State Teachers' Retirement System], [the Health Care Benefits Program] and [the State Teachers' Retirement System Cash Benefit Program] and [decisions of CalSTRS's chief executive officer]"].)

7

CalSTRS is responsible for managing the teacher's retirement fund and paying out retirement benefits based on a member's age at retirement, years of service, and final compensation. (See § 24202.5.) CalSTRS's auditing function is limited to the variables relevant to calculating retirement benefits. (See Cal. Code Regs., tit. 5, § 27100, subd. (a).) Wu does not allege the District inaccurately reported information pertaining to these variables based on her employment contract. She, in essence, alleges the District entered into an invalid employment contract, at least as to the classification of her employment status under the Education Code, which ultimately affected the District's reporting of the variables. Thus, Wu's claims do not rest on the District's failure to report accurate information, but instead its purported failure to recognize her entitlement to certain benefits based on a classification of employment status determination reserved to the District. (See §§ 44915 ["Governing boards of school districts shall classify . . . ."], 44917 ["governing boards of school districts shall classify . . . ."], 44919 ["Governing boards of school districts shall classify . . . ."].) In whole, CalSTRS is without power to force the District to change its teacher classification of Wu under the Education Code for the purposes of calculating her retirement benefits.[3]

---

[3] Wu's citation to section 22112.5 is also misplaced. She cites this section for the principle that CalSTRS can override the District's classification of her, but that section merely permits CalSTRS "to override the determination by an employer as to whether or not a group or an individual constitutes a 'class of employees' within the meaning of this section." (*Id.*, subd. (c).) This section does not empower CalSTRS to override the classification of a single employee, let alone that employee's teacher classification provided in the Education Code. "Class of employee" in this context refers to "a number of employees considered as a group because they are employed to perform similar duties, are employed in the same type of program, or share other similarities related to the nature of the work being performed." (*Id.*, subd. (a).) This section has no bearing on CalSTRS's duties as it pertains to Wu's employment status classification under the Education Code.

At times, Wu alludes to a CalSTRS audit of the District wherein CalSTRS found the District did not properly report some information or had " 'room for improvement' " regarding its processes. Wu is unclear about what audit finding she is challenging and has not alleged that she requested a review of any particular audit finding pursuant to the procedures outlined in CalSTRS's regulations. (See Cal. Code Regs., tit. 5, §§ 27100-27103.) Instead, she appears to argue CalSTRS abused its discretion in its audit of the District by failing to audit her employment record altogether. But even if CalSTRS failed to audit her employment record, Wu has failed to carry her burden to show CalSTRS abused its discretion when doing so because her claim of error rests on CalSTRS's consideration of information outside its purview.

Wu often cites to lists of authority without context or substantive argument explaining how those authorities demonstrate CalSTRS has a ministerial duty to audit the District's classification of her employment status under the Education Code and the rights flowing from that classification. Because those references are not linked to any cogent argument demonstrating an entitlement to relief, we do not consider them. (See *United Grand Corp. v. Malibu Hillbillies, LLC*, *supra*, 36 Cal.App.5th at p. 153.) Wu also cites to the California and United States Constitutions generally asserting violations of her due process rights and retiree protections. Wu again fails to provide any reasoning to connect such authority to her conclusions regarding CalSTRS's auditing responsibility. Thus, we do not consider Wu's arguments relying on constitutional authority. (*Ibid.*)

We also do not consider Wu's merit arguments as to the District's classification of her employment status. Those arguments are irrelevant to this appeal, where we are determining the duties of CalSTRS and not whether the District misclassified Wu.

Wu argues she can amend her complaint to state a claim by adding other parties as plaintiffs that are similarly situated to her. Wu does not explain how the addition of other plaintiffs would confer a duty on CalSTRS to audit the District's classification of teachers. Thus, Wu has not shown she can amend her pleadings to state a claim for relief.

9

DISPOSITION

The judgment is affirmed.  The parties shall bear their own costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(5).)


/s/_____
ROBIE, Acting P. J.


We concur:


/s/_____
RENNER, J.


/s/_____
KRAUSE, J.

10