Filed 10/3/23  Vaughan v. Heer CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| GITTA VAUGHAN, as Trustee, etc., | C095969 |
| Plaintiff and Respondent, | (Super. Ct. No. 34201400171630PRTRFRC) |
| v. | |
| RANDHIR HEER et al., | |
| Defendants and Appellants. | |

Appellants Randhir Heer and Dominique G. Engel appeal from two trial court orders, one denying a motion to disqualify the judge pursuant to Code of Civil Procedure section 170.6 and the other approving a trustee's accounting following the court-ordered sale of real property.  As to the first, we conclude we lack the power to review on appeal a ruling on a disqualification motion.  As to the second, because appellants have failed to present reasoned argument with citations to the record and legal authority, we conclude appellants have forfeited the appeal of this order.  We affirm.

1

## FACTUAL AND PROCEDURAL BACKGROUND

We provide limited background from the incomplete record provided and from the facts agreed to in the parties' briefs. (See *Artal v. Allen* (2003) 111 Cal.App.4th 273, 274; see generally 9 Witkin, Cal. Procedure (6th ed. 2023) Appeal, § 355.)

Petitioner and respondent Gitta Vaughan serves as trustee of the Christian Engel 2004 Revocable Trust. The trust owns half a piece of real property, and the other half was owned at the outset of the case by Engel. Vaughan petitioned the probate court to partition the property by sale, which the court granted in 2015. Engel then gifted her interest in the property to Heer, which the court considered a conspiracy to avoid the court's order. The court then issued an order requiring Heer as the new owner to cooperate in the partition sale and to pay the additional expenses caused by the transfer, including over $43,000 in attorney fees.

In 2019, the probate court appointed an elisor to sign documents on Heer's behalf to effectuate the sale of the property. Also in 2019, despite an injunction prohibiting Heer from transferring the property without the court's permission, Heer transferred his interest in the property. The court ordered that grant deed cancelled and ordered Heer to pay almost $6,000 in additional attorney fees. Vaughan then discovered a correction necessary to the deed granting Engel's share of the property to Heer. In July 2021, the trial court, specifically Judge Dhillon, granted Vaughan's motion to appoint an elisor for Engel to execute a corrected grant deed.

After the property sold, Vaughan set a hearing to approve her accounting from the sale and the allocation of fees, costs, and proceeds between the trust beneficiaries and Heer. In January 2022, the probate court continued the hearing to permit appellants to

2

file a peremptory challenge to Judge Dhillon, which appellants filed in February 2022.[1] At the hearing in March 2022, the probate court denied the peremptory challenges as untimely because Judge Dhillon had already made substantive decisions in the case. The court then approved the accounting and the allocation of fees, costs, and proceeds, which directed over $1,000,000 to Vaughan and $674,204.78 to Heer. The court issued a written order on May 9, 2022.

## DISCUSSION

## I

### *Peremptory Challenges*

Appellants challenge the probate court's denial of their peremptory challenge of Judge Dhillon. As we explain below, we lack jurisdiction to review the denial.

Code of Civil Procedure section 170.3, subdivision (d)[2] provides, in relevant part: "The determination of the question of the disqualification of a judge is not an appealable order and may be reviewed only by a writ of mandate from the appropriate court of appeal sought only by the parties to the proceeding." This means section 170.3, subdivision (d) "prescribes the exclusive means of appellate review of an unsuccessful peremptory challenge motion." (*People v. Hull* (1991) 1 Cal.4th 266, 276.) We lack the power to review on appeal an order the Legislature has made nonappealable. (Cal. Const., art. III, § 3; *Jennings v. Marralle* (1994) 8 Cal.4th 121, 126-127.)

Appellants have not petitioned for a writ of mandate. We therefore lack the power to review the denial of their peremptory challenges and do not address appellants' arguments on this issue.

---

[1] On our own motion, we order the record augmented to include the peremptory challenge and supporting declaration filed by Heer in the probate court on February 14, 2022. (Cal. Rules of Court, rule 8.155(a)(1) & (a)(1)(A).)

[2] Undesignated statutory references are to the Code of Civil Procedure.

## II

*Allocation of Fees, Costs, and Proceeds*

Appellants also challenge the probate court's allocation of fees, costs, and proceeds from the sale of the property. Appellants have forfeited this challenge.

"It is the appellant's burden to demonstrate the existence of reversible error." (*Del Real v. City of Riverside* (2002) 95 Cal.App.4th 761, 766.) "To demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error. [Citations.] When a point is asserted without argument and authority for the proposition, 'it is deemed to be without foundation and requires no discussion by the reviewing court.' [Citations.] Hence, conclusory claims of error will fail." (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.)

With respect to citations to the record, the appellant must "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears." (Cal. Rules of Court, rule 8.204(a)(1)(C).) "If a party fails to support an argument with the necessary citations to the record, that portion of the brief may be stricken and the argument deemed to have been [forfeited]." (*Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856.) As the reviewing court, we will not perform an independent, unassisted review of the record " 'in search of error or grounds to support the judgment.' " (*McComber v. Wells* (1999) 72 Cal.App.4th 512, 522.)

Appellants also must "[s]tate each point under a separate heading or subheading summarizing the point." (Cal. Rules of Court, rule 8.204(a)(1)(B).) "This is not a mere technical requirement; it is 'designed to lighten the labors of the appellate tribunals by requiring the litigants to present their cause systematically and so arranged that those upon whom the duty devolves of ascertaining the rule of law to apply may be advised, as they read, of the exact question under consideration, instead of being compelled to extricate it from the mass.' " (*In re S.C.*, *supra*, 138 Cal.App.4th at p. 408.) "Failure to

4

provide proper headings forfeits issues that may be discussed in the brief but are not clearly identified by a heading." (*Pizarro v. Reynoso* (2017) 10 Cal.App.5th 172, 179.) Finally, " ' "[a]rguments should be tailored according to the applicable standard of appellate review." [Citation.] Failure to acknowledge the proper scope of review is a concession of a lack of merit,' " rendering the arguments subject to forfeiture. (*Ewald v. Nationstar Mortgage, LLC* (2017) 13 Cal.App.5th 947, 948.) The foregoing rules apply to all litigants, including those who represent themselves on appeal. (*McComber v. Wells*, *supra*, 72 Cal.App.4th at p. 523.)

Appellants' briefs do not cite legal authority or facts in the record to support their contention that the probate court erred in allocating funds. Nor do appellants provide any headings to summarize their points, leaving us to guess what precisely they contend the probate court did wrong from their briefing. Appellants never identify an applicable standard of review or provide argument tailored to that standard. We also note that Heer's oral argument at the hearing on the accounting and allocation of funds is not evidence and cannot establish a factual basis for any alleged error. (See Evid. Code, §§ 710-711; *Zolly v. City of Oakland* (2022) 13 Cal.5th 780, 796.) We must therefore conclude appellants' arguments are without foundation and deem them forfeited.

We provide two examples to demonstrate appellants' failure to make reasoned arguments supported by citations to authority and the record. First, Heer asserts, "It was wrong for the Court not to compensate me for loss of use due to [Vaughan's] fraud in making a lease and maintenance agreement with her brother's nephew as 'a placement' all the while [Vaughan] and the beneficiaries [of the trust] had full use and enjoyment of the property." But Heer fails to cite any facts in the record to establish that such a lease and maintenance agreement exists, fails to mention the probate court enjoined him from visiting the property, and cites no legal authority establishing a rule that requires him to be compensated. Engel asserts the probate court gave "an excessive amount of money to [Vaughan and her attorney] in attorney fees, maintenance, and ongoing expenses," but

likewise fails to cite to the record or legal authority establishing when amounts become "excessive." And appellants have not included Vaughan's request to approve the allocation of fees, costs, and proceeds or any of the briefing that proceeded the hearing.

In the absence of any reasoned analysis applying the pertinent standard of review with citations to the record and legal authority, appellants' arguments are forfeited.

## DISPOSITION

The May 9, 2022 order approving the accounting and allocation of fees, costs, and proceeds from the sale is affirmed. Respondent is entitled to recover her costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1).)


/s/
MESIWALA, J.



We concur:



/s/
ROBIE, Acting P. J.



/s/
DUARTE, J.