Duarte, J.
*948 Plaintiff Richard Ewald, through counsel, timely appealed from a judgment following a successful defense motion for summary judgment.
Ewald's counsel fails to articulate the standard of review on appeal, in and of itself a potentially fatal omission. " 'Arguments should be tailored according to the applicable standard of appellate review.' [Citation.] Failure to acknowledge the proper scope of review is a concession of a lack of merit." ( *752 Sonic Manufacturing Technologies, Inc. v. AAE Systems, Inc . (2011) 196 Cal.App.4th 456, 465, 126 Cal.Rptr.3d 301.) More importantly, Ewald's counsel fails to provide any legal authority to support her arguments. We repeatedly have held that the failure to provide legal authorities to support arguments forfeits contentions of error. (See In re S.C. (2006) 138 Cal.App.4th 396, 408, 41 Cal.Rptr.3d 453 ; Akins v. State of California (1998) 61 Cal.App.4th 1, 50, 71 Cal.Rptr.2d 314 ; In re Marriage of Nichols (1994) 27 Cal.App.4th 661, 672-673, fn. 3, 33 Cal.Rptr.2d 13.) *949 As respondent's counsel observes, Ewald's counsel does provide an accurate statutory citation in support of the proposition that the judgment is appealable ( Code Civ. Proc., § 904.1, subd. (a)(1) ), and in her statement of the case she cites a single case referenced by the trial court in its tentative ruling ( Nungaray v. Litton Loan Servicing, LP (2011) 200 Cal.App.4th 1499, 135 Cal.Rptr.3d 442 ). Putting aside the fact that Ewald's counsel both fails to cite that case properly and fails to provide an accurate citation to where the document citing that case can be found in the record on appeal, the trial court did not even cite to that case in the final ruling. Further, Ewald's counsel does not explain the holding of that case, nor does counsel explain why that case has any relevance to her claims on appeal, to the extent we can decipher them.
In the argument section of her brief, Ewald's counsel describes two causes of action, misrepresentation and breach of contract, and argues triable issues remain as to each. However, she does not describe the elements of either cause of action. Without a statement of the elements of a cause of action, supported by authority, counsel cannot establish whether triable issues of fact exist as to either cause of action.
In short, as respondent properly argues, the opening brief does not satisfy counsel's duty to provide adequate legal authority to support this appeal. Ewald's counsel did not file a reply brief, nor anywhere offer an explanation for failing to comply with her duty to properly brief this case. In light of counsel's egregious violations of basic appellate norms, we affirm the judgment without discussing the merits.
DISPOSITION
The judgment is affirmed. Appellant shall pay respondent's costs of this appeal. (See Cal. Rules of Court, rule 8.278(a).)
We concur:
Robie, Acting P. J.
Butz, J.