Filed 7/29/21  Laroya v. Laroya CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| AMARJIT LAROYA, | C091576 |
| Plaintiff and Respondent, | (Super. Ct. No. 19DV02501) |
| v. | |
| HUSSAN LAROYA, | |
| Defendant and Appellant. | |

Hussan Laroya appeals from a domestic violence restraining order issued after trial to protect Amarjit Laroya.  Hussan contends the trial court abused its discretion in issuing the order.  In support of his contention, Hussan argues there was insufficient evidence he abused Amarjit.  He also argues the trial court erred in allowing his adult sons to testify.  As we explain below, despite being represented by counsel, Hussan has failed to preserve these claims on appeal.  The claims are thus forfeited and we will affirm the trial court's order.

In order to preserve a claim on appeal, the appellate brief must "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears" (Cal. Rules of Court, rule 8.204(a)(1)(C)), it must also support each point by argument and, if possible, by citation to authority (Cal. Rules of

1

Court, rule 8.204(a)(1)(B)).  In his opening brief, Hussan identifies five separate issues on appeal; however, his purported analysis of those issues contain not a single citation to the record.  It is not this court's task to search the record for evidence that supports a party's factual statements, and we will disregard statements not supported by proper citation.  (*In re Marriage of Tharp* (2010) 188 Cal.App.4th 1295, 1310, fn. 3; *Regents of the University of California v. Sheily* (2004) 122 Cal.App.4th 824, 826, fn. 1.)

Moreover, in the argument section of his opening brief, Hussan failed to support the issues he raised with citation to relevant legal authority or meaningful analysis.  Instead, Hussan rests his claims solely on passing reference to statutes without explanation.  An appellant who does not provide adequate legal authority and analysis to support a contention forfeits that contention.  (*Ewald v. Nationstar Mortgage, LLC* (2017) 13 Cal.App.5th 947, 948; *Nielsen v. Gibson* (2009) 178 Cal.App.4th 318, 324.)  Accordingly, Hussan has forfeited his claims for this reason as well.

## DISPOSITION

The orders of the trial court are affirmed.  Appellant shall pay respondent's costs of this appeal.  (See Cal. Rules of Court, rule 8.278(a).)


_____
HULL, Acting P. J.


We concur:


_____
MAURO, J.


_____
DUARTE, J.

2