Filed 7/30/21  Rose v. Doran CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| DONNA ROSE, | C089964 |
| Respondent, | (Super. Ct. No. 190522) |
| v. | |
| MICHAEL DORAN, | |
| Appellant. | |

Appellant Michael Doran, an attorney appearing pro se, filed a notice of appeal and an amended notice of appeal from multi-faceted proceedings in family court; neither notice specified the order(s) from which Doran purported to appeal or the date of the order(s).  The original notice of appeal from an unlimited civil case indicates (via checked box) that Doran is appealing from judgment after court trial; the amended notice filed six days later indicates an appeal from judgment after court trial as well as from an order after judgment.  Both notices of appeal were filed in July 2019.  Doran's opening

1

brief, filed in July 2020, is disorganized and nearly incomprehensible. Respondent Donna Rose did not file a brief. The appeal was assigned to this panel for resolution on February 26, 2021.

As we explain, all of Doran's claims, as best as we can decipher them, are either jurisdictionally barred, forfeited, or both. We therefore affirm the judgment.

## BACKGROUND

On August 6, 2018, Rose filed a request for a domestic violence restraining order (DVRO) against Doran. As relevant here, Rose sought personal conduct orders, stay away orders, and a move-out order requiring Doran to leave a residence that Rose proffered she owned. She also sought orders granting her sole possession of the residence and attorney fees and costs.

In support of her request, Rose set forth that she and Doran had a child together who was then 18 years old. Rose indicated that she and Doran had lived together but had separated on December 31, 2017. On May 3, 2018, Rose served Doran with a 60-day notice to quit the residence. After he refused to leave, Rose filed an unlawful detainer action against Doran; at the time Rose filed her DVRO request the unlawful detainer trial had not been scheduled.

Doran opposed Rose's request for a DVRO. In support of his opposition, Doran said he and Rose co-owned the residence. Beginning in September 2016, Doran asserted, he and Rose "had three joint ventures, rising [*sic*] their daughter, building a commercial building for their business, and clearly a joint venture with [the residence]." He also noted pending litigation for "partition and SALE" relative to the residence, which he identified as case No. "190244." Doran denied ever being violent toward Rose.

On August 20, 2018, the trial court presided over Rose's request for order seeking "fair rental value for [the residence], reasonable attorney's fees, forfeiture and daily damages for the agreement." The court ruled in favor of Rose, finding the fair rental value of the property to be $2,000 a month and also awarding her attorney fees. Ruling

2

from the bench, the court ordered Doran to pay half of the fair rental value from the date he was served with a 60-day notice to quit until August 7, 2018, the date he was ordered to move out.

On September 24, 2018, the trial court heard Rose's request for a DVRO; on November 7, 2018, the court issued the requested DVRO. In addition to conduct and no-contact orders, the court awarded Rose sole control and possession of the residence, the court reserved ruling on attorney fees and costs.

On March 26, 2019,[1] Doran filed a "motion to set aside judgement [*sic*] and dismiss and for attorney's fees." On April 11, in a written order, the trial court struck the motion for failure to submit the correct form, in violation of California Rules of Court, rule 5.92(a)(2).[2] On April 22, the trial court heard Doran's motion for relief from the DVRO and orders related to unlawful detainer due to mistake, inadvertence, or excusable neglect. (Code Civ. Proc., § 473, subd. (b).[3]) The court denied Doran's motion for relief and both parties' requests for attorney fees.

On April 29, Doran filed a section 1008 motion for reconsideration regarding the trial court's April 22 order denying his motion for relief from the DVRO and other orders. The court heard Doran's motion for reconsideration on June 3. At that hearing, the court also considered Rose's request for attorney fees and costs. The court denied Doran's requests and granted Rose's, taking the amount of fees to be awarded under submission.

---

[1] All dates that follow are in 2019 unless otherwise specified.

[2] Further undesignated rule references are to the California Rules of Court.

[3] Further undesignated section references are to the Code of Civil Procedure.

On June 7, the trial court filed a written decision regarding Rose's request for attorney fees, awarding her fees in the sum of $1,650.00. On June 28, the court issued its written findings and orders from an October 15, 2018 hearing on Rose's fees request and ordered Doran to pay to Rose $4,800 in attorney fees.

On July 8, Doran filed his original notice of appeal, indicating via checked box that he was appealing a judgment after court trial, but did not specify any dates and/or orders. On July 9, the trial court issued another written order after hearing, affirming the restraining orders previously issued, and noting the November 7, 2018 DVRO remained in effect. On July 12, the trial court issued findings and orders after hearing from the June 3 hearing on Doran's motion for reconsideration and reiterated its prior order that Doran pay $1,650 in attorney fees to Rose.

On July 15, Doran filed an amended notice of appeal. This new notice purported via checked boxes to expand his appeal to an "order after judgment" as well as from a judgment after court trial, but again failed to specify any dates and orders.

## DISCUSSION

Preliminarily, we note that Doran is an *attorney*, with a state bar number and the title "Attorney" prominently displayed on the cover of his briefing, who has twice failed to identify the order or orders from which he is appealing. Nor does his brief shed any light on that question. His "issues presented" include in their entirety: "[W]as the court's application of judicial estoppel proper and not a violation of due process"; "[W]hether the matter is derivative of the litigation over the contract/partnership of the parties to care for their child where the trial court finds the petitioner did not make a case for trespass and the applelant [*sic*] had possession relative to that contract/partnership such that then [*sic*] was not domestic violence for the appellant to exercise rights under that possession"; and "[W]hether parties despite one being an attorney who is requested to communicate through another parties [*sic*] attorney might still directly communicate with that party."

4

Because we are required to liberally construe a notice of appeal in favor of its sufficiency, so long as the other party is not misled or prejudiced, and Rose did not file a responsive brief claiming prejudice, we construe the notices of appeal as sufficient to raise any cognizable claims that Doran has briefed. (See rule 8.100(a)(1).) However, Doran has not adequately briefed *any* cognizable claims, as we next explain.

As we have set forth above, each of Doran's "issues presented" appears to address the issuance of the DVRO. In the "analysis" section of his brief, he contends the trial court abused its discretion in issuing the DVRO for multiple reasons, none of which we need recite here because these claims are not properly before this court. Any claim arising from the issuance of the DVRO is untimely. A notice of appeal must be filed by, at the latest, 180 days from entry of the order. (Rule 8.104.) Doran did not file his first notice of appeal until July 8, 2019, well after 180 days had passed from the November 7, 2018, issuance of the DVRO. This failure to timely appeal the issuance of the DVRO is a jurisdictional bar.

Even if Doran's claims related to the issuance of the DVRO were timely, they are forfeited. Doran fails to support his "analysis" (as well as his so-called "statement of facts") with citations to the appellate record; he also fails to offer any legal authority that supports his apparent argument that agreeing to raise a child together under one roof (without more) gives rise to a partnership interest in real property, and the shared interest in that real property somehow precludes a finding of harassment or violence that would support issuing a DVRO. In order to preserve an issue on appeal, the appellate brief must "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears" (rule 8.204(a)(1)(C)), it must also support each point by argument and, if possible, by citation of authority (rule 8.204(a)(1)(B)). Because Doran failed to cite the record to support his contentions, and cites no supporting legal authority, we may treat the points as forfeited. (*Regents of University of California v. Sheily* (2004) 122 Cal.App.4th 824, 826, fn. 1 [upon the

5

party's failure to comply with rule 8.204 "the appellate court need not consider or may disregard the matter"]; see *Niko v. Foreman* (2006) 144 Cal.App.4th 344, 368 [absence of legal argument and citation to authorities to support contentions results in forfeiture].) Having received no request to excuse these blatant rule violations and seeing no reason to do so, we would find these arguments forfeited and decline to address them even if we had jurisdiction to do so.

In the "analysis" section of his brief, Doran also appears to challenge the fee award, arguing the trial court's decision to "bifurcat[e] away the partnership issue caused [him] to be deprived due process because his fees to defend his rightful possession of [the residence] were not part of the calculus of determining fees in the DMV [*sic* - DVRO?] matter here." Doran's purported challenge to the court's June 2019 orders regarding attorney fees is timely; however, his claims are again forfeited for failure to follow the rules. We have set forth Doran's "issues presented" above in their entirety; we discern no mention of any challenge to any of the various fee awards contained therein. Nor is there any comprehensible argument to support any such challenge contained in the briefing. Doran has forfeited his claim(s) relative to attorney fees because he did not include these claims under a separate heading; instead, this apparent claim is buried in his argument about due process. (Rule 8.204(a)(1)(B); see *Opdyk v. California Horse Racing Bd.* (1995) 34 Cal.App.4th 1826, 1830, fn. 4.) His challenge also is forfeited because he failed to support it with citations to the record or relevant legal authority. (*Regents of University of California v. Sheily, supra*, 122 Cal.App.4th at p. 826, fn. 1; see *Niko v. Foreman, supra*, 144 Cal.App.4th at p. 368.)

Again, Doran's briefing contains no acknowledgment of any deficiency in his briefing, no explanation for his failure to follow the rules, and no request for any indulgence surrounding those deficiencies and failures. His arguments on appeal, to the extent they are cognizable, are forfeited in their entirety. (See *Ewald v. Nationstar Mortgage* (2017) 13 Cal.App.5th 947, 949.)

## DISPOSITION

The orders of the trial court are affirmed.  Appellant shall pay respondent's costs of this appeal.  (See Cal. Rules of Court, rule 8.278(a).)

 

 

                   /s/
Duarte, J.

We concur:

 

 

/s/
Raye, P. J.

 

 

/s/
Krause, J.