Filed 2/1/23  In re Hailey G. CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| In re HAILEY G., a Person Coming Under the Juvenile Court Law. | B315529 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>N.M.,<br><br>Defendant and Appellant. | Los Angeles County Super. Ct. No. 20CCJP02062A<br><br>**ORDER MODIFYING OPINION**<br><br>**[Change in Judgment]** |

THE COURT:

The opinion herein, filed on January 24, 2023, is modified as follows:

On page 7, delete the sentence immediately following the heading "DISPOSITION" and replace with the following sentence:

"The juvenile court's exit order is affirmed."

There is a change in the judgment.

_____

GRIMES, Acting P. J.          WILEY, J.          VIRAMONTES, J.

Filed 1/24/23  In re Hailey G. CA2/8 (unmodified opinion)

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| In re HAILEY G., a Person Coming Under the Juvenile Court Law. | B315529 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | Los Angeles County Super. Ct. No. 20CCJP02062A |
| Plaintiff and Respondent, | |
| v. | |
| N.M., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Etan Z. Lorant, Juvenile Court Referee.  Affirmed.

Liana Serobian, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, Interim County Counsel, Kim Nemoy, Assistant County Counsel, and Brian Mahler, Deputy County Counsel, for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

Mother N.M. appeals the juvenile court's exit order pursuant to Welfare and Institutions Code section 362.4 allowing her only monitored visits with her daughter, Hailey G. The order reflects no abuse of the juvenile court's discretion, so we affirm.

## BACKGROUND

This dependency proceeding began in 2020, when Hailey was 10 years old. At the time of the petition, a 2016 family law order governed Hailey's parents' custody and visitation rights. The parents shared joint legal custody, father had primary physical custody, and mother had unmonitored visitation on alternating weekends and two nights per week.

The family came to the attention of the Los Angeles County Department of Children and Family Services (Department) based on reports of mistreatment by mother and certain female maternal relatives during Hailey's unmonitored visits with mother. These included verbal abuse, physical abuse, and inappropriate touching of Hailey's vagina. Mother denied some of these reports but acknowledged physically disciplining Hailey and touching her vagina for hygienic purposes while showering together. Hailey reported that being with mother made her mad and sad, and caused her to consider self-harm and suicide.

Based on the alleged abuse and at the Department's request, the juvenile court ordered Hailey removed from mother. It then ordered Hailey released to father and detained from mother while allowing mother monitored visits.

In its ensuing investigation, the Department gathered further information corroborating the abuse alleged. Hailey underwent a forensic interview in which she gave statements consistent with prior reports about female maternal relatives touching her vagina. However, she disclaimed earlier statements about suicidal ideations, explaining she had made these in order to get the

attention of the Department and to achieve her objective of living exclusively with father.

In August 2020, the juvenile court sustained an amended petition against mother only and ordered services. Even before the dispositional hearing, mother had begun parenting classes and individual therapy pursuant to referrals made after detention. Mother's short-term goals focused on her own mental health to permit improved relations with Hailey. Her long-term goal was to reunify. Mother's court-ordered case plan was designed to further these objectives, and included a parenting program, individual counseling, conjoint counseling with Hailey, and monitored visitation, with the Department having discretion to liberalize mother's visits.

Per status reports dated March and September 2021, mother complied with her case plan and made progress on the issues that brought Hailey to the Department's attention. Mother gained a better understanding of boundaries and learned coping and communication techniques to improve interactions with Hailey and father. Mother demonstrated success in applying these skills in monitored visitation. However, they remained untested in an unmonitored in-person visitation setting (such as those where the abuse prompting intervention by the Department occurred). Mother's skills *were* tested in a trial run of three unmonitored video calls in May 2021, but mother requested that monitoring resume after Hailey raised issues that mother felt were better suited for conjoint therapy. As of September 2021, mother remained "not comfortable . . . with unmonitored visitation with Hailey . . . ." Further, as of September 2021, mother and Hailey had yet to attempt conjoint therapy.

Nonetheless, the Department recommended the juvenile court terminate jurisdiction and grant sole legal and physical custody of

Hailey to father, with monitored visitation for mother. This recommendation took into account, among other things, Hailey and father's shared desire that the case be closed; mother's recognized need to "set appropriate boundaries for herself and to eventually participate in conjoint therapy with Hailey as part of a re-building of their relationship"; mother's continuing discomfort with unmonitored visits; and mother's concession "that father should have full custody going forward."

At the hearing to terminate jurisdiction, mother's counsel argued for unmonitored visitation subject to Hailey and mother starting conjoint therapy. The juvenile court rejected this request while recognizing that mother could bring a request to modify visitation with the family court. It entered, among others, its visitation order, and mother timely appealed.

## DISCUSSION

### 1. Governing Law and Standard of Review

Welfare and Institutions Code section 362.4, subdivision (a) authorizes a juvenile court to issue family law orders governing custody or visitation when terminating jurisdiction over a dependent child. (*Ibid*.) "An order entered pursuant to section 362.4 is commonly referred to as an ' "exit" ' order." (*In re Cole Y.* (2015) 233 Cal.App.4th 1444, 1455.)

In fashioning an exit order, " 'the court's focus and primary consideration must always be the best interests of the child.' " (*In re T.S.* (2020) 52 Cal.App.5th 503, 513.) In ascertaining those interests, the court " 'must look to the totality of a child's circumstances when making decisions regarding the child.' " (*In re J.T.* (2014) 228 Cal.App.4th 953, 963.) Juvenile courts exercise "broad discretion" in fashioning exit orders. (See *In re Nicholas H.* (2003) 112 Cal.App.4th 251, 265, fn. 4.)

4

Although they constitute a final judgment of the juvenile court, exit orders are subject to modification or termination in a later family law proceeding.  (Welf. & Inst. Code, §§ 302, subd. (d), 362.4, subd. (b).)

We review exit orders issued pursuant to Welfare and Institutions Code section 362.4 for abuse of discretion.  We will not disturb a juvenile court's decision unless it " ' "exceed[s] the limits of legal discretion by making an arbitrary, capricious, or patently absurd determination." ' "  (*In re Stephanie M.* (1994) 7 Cal.4th 295, 318; see also *Bridget A. v. Superior Court* (2007) 148 Cal.App.4th 285, 300–301 [exit orders reviewed for abuse of discretion].)

## 2. The Exit Order Reflects No Abuse of Discretion

Mother asserts in a heading that "the court abused its discretion in ordering monitored visitation for mother as opposed to unmonitored visitation," but she fails to acknowledge the limits of abuse of discretion review or explain how the order fell outside the realm of the juvenile court's discretion.  This alone is a sufficient basis on which to affirm the order.  (See *Ewald v. Nationstar Mortgage, LLC* (2017) 13 Cal.App.5th 947, 948 [" ' "Arguments should be tailored according to the applicable standard of appellate review." [Citation.]  Failure to acknowledge the proper scope of review is a concession of a lack of merit' "].)

Shortcomings in briefing aside, the juvenile court did not abuse its discretion in limiting mother's visits to monitored visits.  At the time of the hearing, the juvenile court had before it evidence that mother *herself* "ha[d] expressed she [wa]s not comfortable at th[at] time with unmonitored visitation with Hailey."  Mother's claim of abuse of discretion in the face of her own statements is simply untenable.

Perhaps recognizing this, mother ignores the Department's contemporaneous report on her attitude toward unmonitored visits

5

and misstates the status of visitation leading up to the exit order. According to mother, "the Department deemed [unmonitored visitation] safe and had already permitted mother to have unmonitored visitation with Hailey since May 2021 prior to the termination hearing with no reported concerns." But the record citations she provides for this assertion say no such thing. Rather, they reflect that the Department, in consultation with the family, authorized unmonitored *video calls* in May 2021, and after three such visits, mother opted out. She "reported she did not feel comfortable visiting with Hailey unmonitored at [that] time after all and would be willing to discuss [issues Hailey had raised during the calls] in conjoint therapy when it occur[red]." The record reflects no in-person unmonitored visits at any time and no unmonitored video calls in the five months preceding the exit order.

Mother argues in her brief that her desire for monitored visitation was motivated by self-protection only. Mother argues she was concerned that Hailey would intentionally misrepresent to others (father, for example) what transpired during visits with mother to advance Hailey's own family objectives. Hailey admitted to having done so before, and mother feared that further false reports could jeopardize mother's parental rights to her new baby.

Assuming it is true that mother's misgivings about unmonitored visits were out of concern for herself only, the juvenile court could reasonably consider those misgivings in determining whether unmonitored visits were in Hailey's best interest when the court issued its exit order. As the Department's counsel argued to the court, "mother not wanting to have the unmonitored visits . . . speaks to the . . . lack of progress on mother's part . . . ."

Mother's appeal is effectively a request for us to substitute our judgment for that of the juvenile court, which had before it other evidence reasonably weighing in favor of its monitored

6

visitation.  That is not our role in abuse of discretion review.  (See, e.g., *In re J.P.* (2019) 37 Cal.App.5th 1111, 1123 ["The existence of evidence supporting mother's position does not demonstrate that the juvenile court abused its discretion.  Our role is not to substitute our judgment for that of the juvenile court or reweigh the evidence"].)  Based on the totality of the circumstances reflected in the record, including mother's stated discomfort with unmonitored visits; the lack of unmonitored in-person visits to date; the abuse that arose in the context of unmonitored visits prior to the commencement of the proceedings; the unfulfilled case plan of mother and Hailey participating in conjoint therapy; and the availability of the family court to consider liberalizing visitation in the future, the visitation terms of the juvenile court's order are not arbitrary, capricious, or patently absurd.

## DISPOSITION

The juvenile court's order terminating parental rights is affirmed.


GRIMES, Acting P. J.

WE CONCUR:


WILEY, J.


VIRAMONTES, J.


7