Filed 9/19/24  Settles v. Nelson CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| TIMOTHY SETTLES,<br><br>    Plaintiff and Appellant<br><br>    v.<br><br>PHAM NELSON, SELECT PORTFOLIO SERVICING INC.,<br><br>    Defendants and Respondents. | B331963<br><br>(Los Angeles County Super. Ct. No. 22STCV34037) |

APPEAL from a judgment and orders of the Superior Court of Los Angeles County, Barbara A. Meiers, Judge.  Affirmed.

Law Offices of Theida Salazar and Theida Salazar for Plaintiff and Appellant.

No appearance for Defendants and Respondents.

_____

Timothy Settles appeals the April 21, 2023 dismissal of his civil action, and the June 14, 2023, denial of his motion to reconsider the dismissal.

Because the record on appeal is completely inadequate to consider appellant's issues, we affirm.

## BACKGROUND

The record on appeal consists of the following documents:

- case register;
- minute order filed April 21, 2023, dismissing appellant's civil action;
- certificate of mailing of the minute order dismissing the civil action, filed April 21, 2023;
- appellant's notice of motion and motion for reconsideration of order entered April 21, 2023 with memorandum of points and authorities, filed May 2, 2023;
- minute order denying reconsideration, filed June 14, 2023;
- certificate of mailing of minute order denying reconsideration, filed June 14, 2023;
- notice of appeal filed July 27, 2023;
- proof of service of appellant's notice designation, filed January 2, 2024;
- proof of service of appellant's notice of appeal, filed January 2, 2024;
- appellant's notice designating record on appeal, filed January 2, 2024.

On April 3, 2024, appellant filed his opening brief. We repeat verbatim here (with no changes) his summary of the case: "This case is a real estate and residential property case. Through

this Appeal, Appellant Timothy Settles ('Settles') challenges the order issued in favor of Respondent due to procedural errors and lack of attorney representation.  The Court granted dismissal of the case due to the pro per complaint as well as the denial of the motion for consideration that was filed on Settles behalf.  This appeal is made due to the fact that Appellant Settles endured dismissals due to his pro per status.  There are several real estate issues that should be properly presented before the Court because the infamous Bank of America defrauded Settles.  Settles asserts that Respondent undoubtedly committed purposeful misrepresentation regarding Settles subject premises.  Settles asserts that the Respondent and its employees were recklessly negligent in foreclosure of the subject premise.  The facts and evidence demonstrate Respondent's carelessness caused significant harm to Settles."

He then lists his issues under these headings:
- "Plaintiff's Case Dismissed Solely On Pro Per Procedure"
- "Plaintiff Has True Viable Claims"
- "This Case Is Ripe For Adjudication"

We have no idea what this case is about.  Settles did not designate the complaint he filed or any other pleading that sheds light on what happened in the trial court.  He cites to no part of the record in his briefing.

According to the case register, Settles filed a complaint on October 21, 2022.  A special motion to strike under Code of Civil Procedure section 425.16 and a request for judicial notice were filed by Namson N. Pham on December 7, 2022.  Pham also filed a reply in support of the motion to strike complaint on January 3, 2023.  On January 19, 2023, a minute order was filed ruling on the special motion to strike.  A case management settlement

3

conference was scheduled for March 23, 2023. A brief by defendant Select Portfolio Servicing called "supplement" in support of trial court's motion to strike the complaint and motion for judgment on the pleadings was filed on April 12, 2023 along with a supplemental declaration in support of the court's motion to strike the complaint and motion for judgment on the pleadings. Settles filed a case management statement on April 18, 2023. On April 21, 2023, the court entered an order for dismissal with prejudice as to the entire action. Settles filed a motion for reconsideration on May 2, 2023. On May 4, 2023, a request for dismissal of defendants Holly E. Kendig, Allison C. Gordon and Namson N. Pham was filed. On June 9, 2023, Select Portfolio Servicing, Inc. filed opposition to Settles's motion for reconsideration supported by a declaration of Adeline Tungate. On June 14, 2023, the court ruled on the motion for reconsideration.

It appears from the minute order of April 21, 2023, that the court struck the complaint under Code of Civil Procedure section 436 because it "fails to state a cause of action" and "is generally incomprehensible." Alternatively, the trial court granted judgment on the pleadings in favor of all defendants "on the same grounds." The court also denied without prejudice Settles's request for a continuance to have an attorney appear. The trial court indicated plaintiff could file a motion to reconsider that issue "if made by an attorney for the plaintiff within ten days."

It is also unclear which parties are respondents in this appeal. The Civil Case Information Statement filed November 14, 2023, names only Select Portfolio Servicing, Inc. and Pham Nelson as respondents. On August 4, 2004, appellant filed a letter asking us to dismiss respondents Namson N. Pham, Allison

4

Gordon and Holly E. Kendig from the appeal, although there is no previous reference to them in the appellate record, including no proof of service of the Notice of Appeal on them as parties to the appeal.  On August 12, 2024 we granted the request.  It seems only Select Portfolio Servicing, Inc. and Pham Nelson have been served as respondents, although neither have appeared in this appeal.  On September 3, 2024, we issued a Government Code letter to appellant's counsel asking her to clarify the identity of the respondents in this appeal.  Counsel named John P. Alvarez, Select Portfolio Servicing, Inc., DLI Properties, LLC as respondents.  Neither Alvarez or DLI Properties was served with the Notice of Appeal.  As far as we are concerned, only Select Portfolio Servicing, Inc. and Pham Nelson were properly made parties to this appeal.  However, in an abundance of caution, as set out below, we dismiss the appeal as to all named defendants in the trial court action.

## DISCUSSION

Without the complaint and the pleadings, we cannot analyze the issues Settles raises.  We start every appeal working under the presumption that the trial court's orders are correct and appellant has the burden to prove otherwise by presenting legal authority and analysis on each point made, supported by appropriate citation to the material facts in the record.  (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133.)  If appellant does not meet this burden, the arguments will be deemed forfeited.  (*Ewald v. Nationstar Mortgage, LLC* (2017) 13 Cal.App.5th 947, 948.) Without a record we cannot review the trial court's rulings and must presume them to be correct.  Nothing on the face of the record before us permits a determination of error.

## DISPOSITION

The trial court's orders are affirmed as to all named defendants in the trial court action.  No costs are awarded.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


STRATTON, P. J.

We concur:


GRIMES, J.


VIRAMONTES, J.

6