Filed 2/5/26  Qiao v. Chang CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

XINGWANG QIAO,

     Plaintiff and Appellant,

v.

QILIN CHANG, et al.,

     Defendants and Respondents.

E085692

(Super.Ct.No. RIC1901678)

OPINION

APPEAL from the Superior Court of Riverside County.  Lydia Villarreal[*] and John D. Molloy, Judges.  Affirmed.

Xingwang Qiao, in pro. per., for Plaintiff and Appellant.

Stinson LLP and Jan T. Chilton, for Defendants and Respondents.

Following a court trial on plaintiff and appellant Xingwang Qiao's (Plaintiff) claims for gross negligence, declaratory relief, conversion, and unjust enrichment against

---

[*]  Retired Judge of the Monterey Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

defendants and respondents Qilin Chang, Golden Taste LLC, Golden Globe LP, and Worlden San Bernardino, Inc. (Respondents), judgment was entered in favor of Respondents. Subsequently, the trial court awarded $45,353 in costs and $552,940 in attorney fees to Respondents. On appeal, Plaintiff requests this court invalidate the award of attorney fees on the grounds (1) it is based on the judgment, which "completely ignore[s] substantial evidence and witness testimony from the ten-day trial," and (2) it will "exacerbate[] the harm" done to Plaintiff by Respondents' fraudulent actions over the course of seven years. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Following a court trial on Plaintiff's action, judgment was entered on February 23, 2024, in favor of Respondents, and they moved for costs and attorney fees. (*Qiao v. Chang, et al.* E083864) On July 12, 2024, Judge Lydia Villarreal awarded $45,353.01 in costs to Respondents. On August 21, 2024, Judge Carol A. Greene entered a minute order awarding $552,940 in attorney fees to Respondents; notice of entry of the costs and fees award orders was served on August 23, 2024. Subsequently, Judge Greene vacated the award of attorney fees and placed the matter back on calendar. Following a new hearing, Judge John Molloy awarded Respondents $552,940 in attorney fees. Plaintiff appealed.

## II. DISCUSSION

"'""On review of an award of attorney fees . . . the normal standard of review is abuse of discretion. However, de novo review of such a trial court order is warranted

2

where the determination of whether the criteria for an award of attorney fees . . . have been satisfied amounts to statutory construction and a question of law.'" [Citations.]' [Citation.]" (*Artus v. Gramercy Towers Condominium Assn*. (2022) 76 Cal.App.5th 1043, 1056.)

"A judgment or order of a lower court is presumed to be correct on appeal, and all intendments and presumptions are indulged in favor of its correctness." (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133.) As the appellant, it is Plaintiff's "burden to affirmatively demonstrate error by citing applicable law and showing where in the record the error occurred." (*Br. C. v. Be. C*. (2024) 101 Cal.App.5th 259, 264.) "This burden requires more than a mere assertion that the judgment is wrong." (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852.) When attempting to meet this burden, Plaintiff, like all litigants before us, "must follow the rules of appellate procedure." (*County of Sacramento v. Singh* (2021) 65 Cal.App.5th 858, 861 (*Singh*) [unrepresented litigants are "entitled to the same but no greater consideration than other litigants"].) Among other things, those rules require an appellate brief to state each point under a separate heading and support each point by argument and, if possible, by citation to authority. (Cal. Rules of Court, rule 8.204(a)(1)(B); *Singh*, at p. 861.)

"'When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority,'" we treat the point as forfeited. (*Br. C. v. Be. C.*, *supra*, 101 Cal.App.5th at p. 264; see *Singh*, *supra*, 65 Cal.App.5th at p. 861.) "It is not our place to construct theories or arguments to undermine the judgment [or order

3

on appeal] and defeat the presumption of correctness." (*Benach v. County of Los Angeles*, *supra*, 149 Cal.App.4th at p. 852.)

Here, Plaintiff seeks reversal of the trial court's order granting attorney fees to Respondents, but his brief lacks adequate legal authority and analysis showing how the court erred. His short brief asserts facts and arguments primarily related to his appeal of the judgment in favor of Respondents. The extent of his arguments with respect to the attorney fees award is that there was insufficient evidence to support the judgment in favor of Respondents whose fraudulent actions have harmed him. He does not argue the award of attorney fees to Respondents was not authorized by statute or contract. Nor does he contend the amount awarded was too high. Moreover, he cites exactly two legal authorities—California Rules of Court, rules 8.104(a)(1) [appeal from judgment] and 8.204(c)(1) [certificate of word count]—neither of which support any claim of error.

Considering the briefing before us, we see no basis on which to disturb the trial court's order. (See Cal. Rules of Court, rule 8.204(a)(1)(B); *Singh*, *supra*, 65 Cal.App.5th at p. 870; *Ewald v. Nationstar Mortgage, LLC* (2017) 13 Cal.App.5th 947, 949 [affirming without discussing merits where opening brief failed to "provide adequate legal authority to support th[e] appeal"].)

## III.  DISPOSITION

The order granting attorney fees is affirmed.  Respondents are awarded their costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1), (2).)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER

J.

We concur:

RAMIREZ

P. J.

MILLER

J.

5