Filed 3/23/26  Lipanovich v. Christians CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| GREGG M. LIPANOVICH, | |
| Plaintiff and Appellant, | G065508 |
| v. | (Super. Ct. No. 30-2023-01319672) |
| PENELOPE J. CHRISTIANS, | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a judgment of the Superior Court of Orange County, Craig L. Griffin, Judge. Affirmed.

Lawrence P. Bellomo for Plaintiff and Appellant.

Tracy L. Anielski for Defendant and Respondent.

\*          \*          \*

Gregg M. Lipanovich sued Penelope J. Christians for breach of an alleged cohabitation agreement. Lipanovich claimed Christians agreed to give him a 50 percent share in the proceeds from the sale of the property she owned and they lived at in exchange for his "skills, efforts, labors, and earnings" expended on that property. Christians demurred, arguing that Lipanovich did not allege facts demonstrating a contract was formed. The trial court agreed finding Lipanovich failed to allege the formation of a valid contract.

Lipanovich timely appealed from the subsequent judgment entered in Christians's favor. Lipanovich's briefing on appeal is flawed in certain vital respects. He fails to support factual assertions with citations to the record. His arguments are not addressed to the correct standard of review. He fails to develop his contentions with a reasoned legal argument. Because of these deficiencies, he has forfeited his claims of error.

Even if we were to address the merits of his arguments, we would conclude the trial court correctly sustained the demurrer without leave to amend because Lipanovich failed to allege facts demonstrating the parties formed a contract.

We accordingly affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

In November 2024, Lipanovich filed a verified third amended complaint, the operative complaint, alleging a sole cause of action for "breach of co-habitation agreement."[1] Lipanovich alleged that on May 1, 1998,

---

[1] Lipanovich previously filed a verified complaint, verified first amended complaint, and verified second amended complaint. In most respects, the prior complaints made the same allegations regarding the breach of cohabitation cause of action as alleged in the operative complaint. One notable difference was that the prior versions of the complaint alleged

2

Christians purchased real property which they moved into together. Lipanovich further alleged that on May 1, 1998, he and Christians entered into a "co-habitation agreement" under which Lipanovich "would perform, expend, or contribute such skills, efforts, labors, and earnings on the condition that [Christians] would equally share the net proceeds of the [real] property acquired as a result of those skills, efforts, labor and earnings . . . ." Lipanovich also claimed that "in the event of dissolution of their [cohabitation] relationship by death, separation or otherwise, that [he] would receive fifty percent of the net proceeds from the sale of the [real] property as a result of his skills, effort and labor."

There were no allegations as to what specific "skills, efforts, labor or earnings" were offered or agreed to. But Lipanovich did allege that between May 1, 1998 and May 1, 2022, he installed solar panels at the property, installed flooring, built shelving, and installed a synthetic lawn, among other improvements. According to the complaint, after Lipanovich performed these acts, Christians "manifested her assent" to the agreement. Lipanovich did not allege how, or when, Christians manifested her assent to the agreement.

_____

the agreement at issue was formed on either January 1, 1998 (initial complaint), or January 1, 1997 (first and second amended complaints), as opposed to May 1, 1998, as alleged in the operative complaint.

Christians demurred to the second amended complaint which the trial court sustained with leave to amend in part and without leave to amend in part. As relevant here, the trial court ruled that the second amended complaint did not state a claim for breach of contract because it failed to allege definite and certain terms.

Christians demurred to the operative complaint on the basis that Lipanovich did not allege the material terms of the purported contract. Lipanovich opposed the demurrer arguing this was a "Marvin v. Marvin Case" because he alleged the parties had a "live-in relationship." He argued that as part of that relationship, the parties agreed he would perform "certain improvements to the property" in exchange "for a fifty percent interest in said real property." He argued these allegations sufficiently established the material terms of the contract. The trial court sustained the demurrer without leave to amend. It ruled that although Lipanovich "include[d] a list of improvements he made to the property, there [were] still no specific allegations as to what 'expenses, skills, efforts and labor' were part of the agreement between the parties . . . ."

Lipanovich timely appealed from the subsequent judgment entered in Christians's favor.

## DISCUSSION

On appeal Lipanovich argues the trial court erred because his allegations sufficiently pled a breach of contract claim pursuant to *Marvin v. Marvin* (1976) 18 Cal.3d 660 (*Marvin*). As we explain, Lipanovich has forfeited any claim of error. Even if he had not, his complaint does not allege a breach of contract claim.

### I.

### LIPANOVICH HAS FORFEITED HIS CLAIMS OF ERROR

We review an order sustaining a demurrer de novo. (*Cardenas v. Horizon Senior Living, Inc.* (2022) 78 Cal.App.5th 1065, 1069 (*Cardenas*).) We assume the truth of all properly pled facts, but not the truth of contentions,

deductions, or conclusions of law. (*Ibid.*) We review a trial court's decision to deny leave to amend for abuse of discretion. (*Ibid.*)[2]

Lipanovich fails to support most of his factual assertions with citations to the record. (Cal. Rules of Court, rule 8.204(a)(1)(C).) For example, he maintains "there is a specific and definitive statement of an alleged agreement between the parties." But he does not support the statement with citations to the record. Without such citations, we do not know what Lipanovich claims are the "specific and definitive" terms of the agreement. This results in forfeiture of any claim that the trial court erred. (*WFG National Title Ins. Co. v. Wells Fargo Bank, N.A.* (2020) 51 Cal.App.5th 881, 894 (*WFG National Title*).)

A more fundamental issue is Lipanovich's failure to develop a legal argument to support his position. At most, he contends that "a reasonable interpretation of the facts [alleged in the complaint] would be [there was] an agreement between the parties pursuant to *Marvin v. Marvin*." Yet he fails to explain why. Lipanovich has the burden to illustrate how his complaint alleged a viable cause of action. (*WFG National Title,*

---

[2] In his appellate briefing, Lipanovich states our standard of review is substantial evidence: "If there are any substantial facts to support the finding the Court will affirm. If there are conflicts in the facts, the Court will remand the case to the Trial Court for further proceedings."

That is not the correct standard of review, nor does it correctly reflect the substantial evidence standard of review. (*Schmidt v. Superior Court* (2020) 44 Cal.App.5th 570, 581–582 [on substantial evidence review, we defer to the trial court's resolution of conflicting facts].)

This mistake is fatal. Lipanovich must tailor his arguments to the appropriate standard of review. Failing to do so amounts to a concession that his appeal does not have merit. (*Ewald v. Nationstar Mortgage, LLC* (2017) 13 Cal.App.5th 947, 948.)

*supra*, 51 Cal.App.5th at p. 894.) Merely stating that the facts alleged supported a cause of action under *Marvin* does not meet this burden. (*Ibid*. [we disregard conclusory arguments not supported by a developed legal analysis].)

Based on his violations of the California Rules of Court regarding appellate briefing, we could conclude Lipanovich has forfeited all claims on appeal. If we were to address the merits of his appeal, we would still affirm the trial court's order.

II.

THE COMPLAINT DOES NOT STATE A CAUSE OF ACTION FOR

BREACH OF CONTRACT

Nonmarital cohabitants may seek to adjudicate property rights arising from the cohabitation pursuant to general contract principles. (*Marvin, supra*, 18 Cal.3d at p. 682.) The right of cohabitants to contract with each other is the same as that of noncohabitants. (*Velez v. Smith* (2006) 142 Cal.App.4th 1154, 1176 ["'even as the nonmarital cohabitation does not erode the parties' contract rights, neither does such cohabitation confer on them any special privilege over and above those of any other civil litigants'"].) Relevant here, cohabitants' contracts, like other contracts, must have certain and definite terms. "'Where [the terms of an alleged] contract [are] so uncertain and indefinite that the intention of the parties in material particulars cannot be ascertained, the contract is void and unenforceable.'" (*Cheema v. L.S. Trucking, Inc.* (2019) 39 Cal.App.5th 1142, 1149 (*Cheema*).)

Here, it is entirely unclear what the terms of the contract were. Lipanovich promised to provide "skills, efforts, labor, and earnings." Those terms do little, if anything, to set ""the scope of the duty and limits of acceptable performance"" which would give a court a rational basis upon

6

which to assess damages in the event of Lipanovich's nonperformance. (*Cheema, supra*, 39 Cal.App.5th at p. 1149; see e.g., *Reeder v. Specialized Loan Servicing LLC* (2020) 52 Cal.App.5th 795, 803 [lender's promise that borrower could refinance in 10 years did not create contractual obligation where loan amount, interest rate, and amortization schedule were undefined].)

Moreover, based on the allegations in the complaint, it appears that Lipanovich does not know what the precise terms of the contract were, or when the contract was even formed. For example, over the life of the complaint, Lipanovich alleged the agreement was formed on one of three dates: January 1, 1998 (initial complaint), January 1, 1997 (first and second amended complaints), or May 1, 1998 (the operative complaint). In the operative complaint, he alleged his "skills, efforts, labor and earnings" were given in exchange for an equal share in the net *proceeds* from the sale of the property. But in his opposition to the demurrer, he claims they were given in exchange for an equal share of the property *itself*. He also alleged that if either party dissolved the relationship, or died, "that [he] would receive fifty percent of the net proceeds from the sale of the . . . property." The complaint completely fails to allege the parties agreed when the property would be sold, who would sell it, or on what terms it would be sold. Nor does the complaint allege what was meant by "net proceeds."

Lipanovich argues the complaint alleged he made specific "improvements to the . . . real property and [Christians] benefitted from said improvements in the appreciation of said real property at the sale." However, the complaint did not allege that Christians agreed to give him anything in exchange for these improvements. At most, the complaint alleged that Christians's promise was not given until *after* the improvements were made.

7

But Lipanovich's past performance cannot form the basis of a contractual agreement. All contracts must have consideration—that which is given in exchange for the promise. (*In re Ins. Installment Fee Cases* (2012) 211 Cal.App.4th 1395, 1415.) It is axiomatic that "'past consideration is not sufficient to support a contract.'" (*Passante v. McWilliam* (1997) 53 Cal.App.4th 1240, 1247.)

Because Lipanovich has failed to set forth the material terms of the contract in clear and definite terms, the trial court correctly sustained the demurrer to the third amended complaint and entered judgment in Christians's favor.[3]

---

[3] Lipanovich does not argue on appeal the trial court should have granted him another opportunity to amend, and we do not need to reach that issue. Even if we were to do so, the trial court did not abuse its discretion. Lipanovich filed multiple complaints all of which alleged the same deficient facts attempting to support the breach of contract claim. Thus, he has demonstrated "there is no reasonable possibility that [he could] cure the defect with an amendment." (*Cardenas, supra*, 78 Cal.App.5th at p. 1069.)

8

DISPOSITION

The judgment is affirmed. Respondent to recover costs incurred on appeal.


BANCROFT, J.*

WE CONCUR:


SANCHEZ, ACTING P. J.


SCOTT, J.

*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.