Filed 4/9/26  King v. Fraser CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| MARY KING,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>NORA MARIE FRASER,<br><br>        Defendant and Appellant. | E083544<br><br>(Super.Ct.No. CIVMB2400029)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  John W. Burdick, Temporary Judge.  Affirmed.

Pensanti & Associates and Louisa Pensanti for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## I.  BACKGROUND AND INTRODUCTION

In 2024, the trial court issued a "civil harassment restraining order after hearing" against defendant and appellant Nora Fraser in favor of plaintiff and respondent Mary King.  Defendant appeals from the order.  We conclude that defendant has forfeited her

1

claims of error by failing to direct any argument toward an identified standard of review and further conclude that, even in the absence of forfeiture, defendant cannot meet her burden to show error on appeal because she has failed to present a record sufficient for us to review the merits of her claim. As such, we affirm the order.

## II. DISCUSSION

Code of Civil Procedure section 527.6 provides " 'expedited injunctive relief to victims of harassment.' " (*E.G. v. M.L.* (2024) 105 Cal.App.5th 688, 698.) Under the statute, " ' "harassment" ' " is generally defined as " 'a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose.' " (*Ibid.*) If the trial court finds by clear and convincing evidence that harassment exists, it may issue an order prohibiting the harassment. (*Ibid.*) Generally, "[w]e review the trial court's decision to grant the restraining order for ' "whether the findings (express and implied) that support the trial court's entry of the restraining order are justified by substantial evidence . . . ." ' " (*Id.* at pp. 698-699.)

However, " 'the most fundamental rule of appellate law is that the judgment [or order] challenged on appeal is presumed correct, and it is the appellant's burden to affirmatively demonstrate error.' " (*People v. Foss* (2007) 155 Cal.App.4th 113, 126.) To meet this burden, " ' "[a]rguments should be tailored according to the applicable standard of appellate review," ' " and " '[f]ailure to acknowledge the proper scope of review is a concession of a lack of merit.' " (*Ewald v. Nationstar Mortgage, LLC* (2017) 13 Cal.App.5th 947, 948, quoting *Sonic Manufacturing Technologies, Inc. v. AAE*

2

*Systems, Inc.* (2011) 196 Cal.App.4th 456, 465.)  Thus, an appellate court may deem arguments forfeited where an appellant fails to tailor her arguments and ignores the appropriate standard of review.  (*Symons Emergency Specialties v. City of Riverside* (2024) 99 Cal.App.5th 583, 597-598.)  Here, defendant's appellate brief merely argues that the trial court should have reached a different decision.  In doing so, defendant does not identify any standard of review and does not attempt to explain why reversal is required under the applicable substantial evidence standard of review.  We construe the failure to identify or tailor any arguments to any appellate standard of review as a concession of lack of merit and deem defendant's claim of error forfeited.

Even in the absence of forfeiture, " ' "if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." ' " (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609.)  " 'Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant.]' " (*Ibid*.)  In this case, defendant seeks to challenge the grant of a civil harassment restraining order.  However, she failed to include any of plaintiff's written submissions to the trial court as part of the record on appeal.  Thus, this court does not have a copy of the petition seeking a restraining order or any declarations or documentary evidence that may have been presented to the trial court in support of that petition.  Additionally, defendant acknowledges that the trial court received live testimony at a hearing.  Yet, defendant has not provided any record of oral proceedings of that hearing as part of the appellate

3

record.[1]  Absent a record of the live testimony and documents presented to the trial court in support of the request for restraining order, the appellate record is patently inadequate to review any claim of error under the applicable substantial evidence standard of review. Thus, even in the absence of forfeiture, we would conclude that defendant has failed to present an adequate record to establish error, and we affirm the order.

## IV.  DISPOSITION

The order is affirmed.  Respondent to recover her costs on appeal.[2]

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS_____
Acting P. J.

We concur:

MENETREZ_____
                        J.


LEE_____
                        J.

---

[1]  We observe that appellate counsel requested an extension of time to file the opening brief in this appeal specifically for the purpose of obtaining a record of oral proceedings to submit for our consideration. Despite being granted the requested extension, appellant filed her opening brief without augmenting the appellate record to include a record of oral proceedings as provided in the California Rules of Court.

[2]  Respondent has not filed a brief in this appeal.  As such, we determine only that respondent is the prevailing party entitled to costs pursuant to California Rules of Court, rule 8.278(a).  We express no opinion regarding whether the trial court should award any costs as reasonable upon the filing of a verified memorandum pursuant to rule 8.278(c).