Filed 6/26/26  Song v. Liu CA1/4
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| YOU LIANG SONG,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>ARTHUR LIU,<br><br>        Defendant and Respondent. | A174370<br><br>(San Francisco City & County<br>Super. Ct. No. CGC-22-603479) |

Plaintiff appeals from an order sustaining defendant's demurrer to plaintiff's second amended complaint (SAC) and dismissing the SAC.  The record on appeal does not include the SAC, and plaintiff fails to properly support his arguments on appeal with citations to the record and/or relevant legal authorities.  We accordingly affirm.

**BACKGROUND**

Plaintiff filed a judicial council form contract complaint against defendant in December 2022.  Among other things, plaintiff appeared to allege that he had hired defendant as his attorney for various matters, defendant "did not do his job," and defendant charged plaintiff excessive fees.  Plaintiff also appeared to allege that defendant sued him in small claims court

1

with a fraudulent bill. Plaintiff attached to his complaint a Bar Association of San Francisco (BASF) non-binding arbitration award resolving a fee dispute between the parties.

The court struck the complaint under Code of Civil Procedure section 436, subdivision (b) and allowed plaintiff leave to amend to clarify that he was suing defendant for legal malpractice, what actions supported plaintiff's claim, and when plaintiff sustained injury.

Plaintiff filed a first amended complaint stating on its face that the complaint was for perjury, fraud, to confirm the BASF judgment, contempt of court, and compensation of $1.38 million. The court sustained defendant's demurrer to this complaint with leave to amend, and plaintiff filed a SAC in October 2024. The court sustained defendant's demurrer to the SAC and granted defendant's motion to dismiss. Plaintiff appealed.

## DISCUSSION

Plaintiff contends that this is a dispute regarding attorney fees, fraud, and the unlawful taking of money. He maintains that he does not owe attorney fees to defendant and the State Bar already determined that plaintiff is entitled to a refund from defendant with interest. Plaintiff claims that the trial court erred in dismissing this action based on defendant's representation that the case had settled at mediation, and "[d]ismissal based on facts that do not exist constitutes reversible error." Plaintiff also argues that he served defendant with the complaint in 2023 and defendant forfeited the right to assert defenses to the complaint by not timely responding.

2

Plaintiff has forfeited his challenges on appeal by failing to provide an adequate record. The appellant bears the burden of providing an adequate record. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.) Here, the SAC that is the subject of the order appealed is not included in the record on appeal, nor are defendant's demurrer papers. When an appellant fails to provide an adequate record, we cannot meaningfully review the trial court's decision. (*Ibid.*) In other words, when the appellant fails to provide an adequate record, we assume everything the trial court did was correct and that it should be affirmed. (See *id.* at p. 609.)

Plaintiff has also forfeited his claims on appeal by failing to support them with any citations to authority in his opening brief or to the appellate record in any of his submissions. (Cal. Rules of Court, rule 8.204(a)(1)(B)–(C); *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1245–1246 & fn. 14 [failure to present argument with references to record results in forfeiture of any assertion that could have been raised]; *Ewald v. Nationstar Mortgage, LLC* (2017) 13 Cal.App.5th 947, 948 [failure to provide adequate legal authority and analysis forfeits contentions on appeal].)

We recognize that plaintiff brings this appeal without the benefit of legal representation. Nonetheless, his in propria persona status does not exempt him from the rules of appellate procedure or relieve him of his burden on appeal. (See *Nwosu v. Uba*, *supra*, 122 Cal.App.4th at pp. 1246–1247.)

## DISPOSITION

The judgment is affirmed.  Costs are awarded to defendant. (Cal. Rules of Court, rule 8.278(a).)

BROWN, P. J.

WE CONCUR:

STREETER, J.
SWEET, J.[*]

*Song v. Liu*  (A174370)

---

[*] Judge of the Superior Court of Marin County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.