Filed 6/13/25  Williams v. Bowie CA1/2
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

|  |  |
|---|---|
| JOHN R. WILLIAMS, as Successor Trustee, etc.,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>REMONIA A. BOWIE et al.,<br><br>        Defendants and Appellants. | A166994<br><br>(Contra Costa County<br> Super. Ct. No. MSP21-00170) |

Remonia Bowie and Frank Bowie appeal from a probate order granting a petition for instructions regarding the Mildred Williams Trust dated December 8, 2017, and authorizing the sale of the trust's real property in Oakland, California, where Remonia and Frank live.[1]  In their opening briefs, Remonia and Frank make conclusory assertions of error without adequate, or in some cases any, factual or legal support and therefore forfeit all appellate arguments.  To the extent we can understand any arguments, they have no merit.  We affirm.

---

[1] Some family members share the same last name, so we use first names for clarity.  We intend no disrespect.

1

## BACKGROUND

On December 8, 2017, Mildred Williams executed a revocable trust, which provided for the equal distribution of her estate to her four children: Remonia (Frank's mother), John Williams, Donald Williams, and Greta Strong. After Mildred's passing in December 2020, John became the successor trustee.

On February 26, 2021, John served a notice to creditors and a notice of trust administration on the trust's beneficiaries and the heirs to Mildred's estate, including Remonia and Frank. In response, Roberto Otapia filed a creditor's claim for $30,611.76 for "care provider services." Although John, as trustee, filed an allowance for the claim, the trust did not pay it because "the only asset" of Mildred's estate was the Oakland property, which would need to be sold to pay the claim.

Thus, on April 2, 2021, John filed a notice of proposed action, indicating an intent to charge Remonia—the only trust beneficiary living at the property[2]—"reasonable rent" in the amount of $3,200 per month. Neither Remonia nor Frank filed an objection to the notice.

John filed a second notice of proposed action on August 9, 2021, advising that he sought to sell the Oakland property, estimating an "as is" value between $550,000 and $750,000. On September 22, 2021, Remonia filed objections to the second notice, finding it "hard to believe that no other assets" were in the trust.

As a result, on November 9, 2021, John filed a verified petition for instructions to resolve Remonia's objection and authorize the sale of the Oakland property. The petition included an accounting for the period of

---

[2] Frank, who is not a trust beneficiary, represents he also lives at the property and is "not being charged or required the payment of [*sic*] rent."

2

January 2021 to August 2021, which John subsequently expanded to include December 2020 through November 2021. The accounting reflected the only asset of the trust was the Oakland property, valued at $745,000, and estimated Remonia owed $23,466.66 in back rent from April through November of 2021, which would bring the total trust value to $768,466.66. The trust's liabilities totaled $174,492.42, including a $131,612.98 mortgage on the property, Otapia's claim, and attorney's fees and costs.

At a March 2022 hearing,[3] the court ordered Remonia (Frank did not appear) to file any objections to the petition and continued the hearing to April, when the court ordered the parties to mediation. In March, Remonia and Frank filed verified objections, claiming Mildred had been "abducted from her home" prior to her death and that "collusion exists among beneficiaries," resulting in "missing, changed and unaccounted for [trust] assets."

After an unsuccessful attempt at mediation,[4] the court ordered the parties to brief "why the real property should not be sold" and continued the hearing to November 8. The court heard argument as scheduled[5] and, on November 10, filed and served an order after hearing granting John's petition; John served a notice of entry of order the same day.

The court found that both Remonia and Frank "waived any right to make a Creditor's Claim against this Trust Estate" by failing to "ever" file or

---

[3] Subsequent dates are in 2022 unless otherwise specified.

[4] The parties were unable to agree on a mediator, thus, on June 7, the court appointed a mediator, and on June 17, the court continued the hearing to September to allow the parties additional time to mediate.

[5] We have no transcript of this or any other hearing. Remonia and Frank submitted two proposed settled statements, but neither were approved by the probate court.

serve a claim. The court further found that, considering the February 26, 2021 notice of administration, Remonia and Frank failed to timely contest the terms of the trust; the court therefore overruled their March objections. The court also concluded that Frank was neither a trustee nor a beneficiary and had "waived his right to claim standing in this Trust proceeding." Accordingly, the court approved the accounting and authorized the sale of the Oakland property as "required" to pay the creditor's claim "and effectuate an equitable distribution of the Trust Estate to the four beneficiaries."

On January 9, 2023, Remonia filed a notice of appeal from the November 10 order after hearing. On February 6, 2023, Frank filed a notice of "cross-appeal" from the same order.

## DISCUSSION

As a preliminary matter, John argues that Frank's notice of appeal is untimely. Although Frank did not file a reply brief and thus presents no counterargument, we find Frank's cross-appeal timely. While an initial notice of appeal must be filed either 60 days after service of notice of entry of order or 180 days after entry of order, whichever is earlier, "the time for any other party to appeal from the same judgment or order is extended until 20 days after the superior court clerk serves notification of the first appeal." (Cal. Rules of Court, rules 8.104(a)(1); 8.108(g)(1).) Here, Remonia timely filed a notice of appeal on January 9, 2023, and the probate court gave notice of Remonia's appeal on January 19, 2023, making the deadline to file a cross-appeal 20 days thereafter or February 8, 2023. Thus, Frank's February 6, 2023 notice of appeal is timely. (*The Termo Co. v. Luther* (2008) 169 Cal.App.4th 394, 403 [the 20-day extension does not require "that the second party to file an appeal be adverse to the first party to do so"].) The exercise is

4

academic, however, as Remonia's and Frank's opening briefs are largely identical and both are inadequate.

Fundamentally, the lower court's rulings are presumed correct, and the appellant bears the burden of affirmatively showing error. (*Universal Home Improvement, Inc. v. Robertson* (2020) 51 Cal.App.5th 116, 125.) To do so, the appellant " 'must supply [us] with some cogent argument supported by legal analysis and citation to the record.' " (*United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 146, quoting *City of Santa Maria v. Adam* (2012) 211 Cal.App.4th 266, 286–287.) Otherwise, "we may decide that the appellant has forfeited a point urged on appeal when it is not supported by accurate citations to the record" and "pertinent legal authority." (*WFG National Title Ins. Co. v. Wells Fargo Bank, N.A.* (2020) 51 Cal.App.5th 881, 894.) These rules apply equally to self-represented parties like Remonia and Frank.[6] (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247.)

According to the principles of appellate review, we are bound by the probate court's resolution of factual disputes, and we ignore all unsupported facts. (*Conservatorship of Tedesco* (2023) 91 Cal.App.5th 285, 292, fn. 4; *Alki Partners, LP v. DB Fund Services, LLC* (2016) 4 Cal.App.5th 574, 590, fn. 8.) Central to Remonia's and Frank's appellate claims is their allegation that Mildred was "abducted" by John's wife and that evidence of trust assets such as "life insurance policies, bank account balances, [and] safety deposit box content" was "removed from the home (without permission)" in an effort to "force" Remonia and Frank out of the Oakland property. But the only support in the record for these assertions is Remonia's and Frank's own

---

[6] We also note John's briefing is single spaced and fails to comply with the California Rules of Court. (Cal. Rules of Court, rule 8.204(b)(5) ["The lines of text must be unnumbered and at least one-and-a-half-spaced"].)

objections, which although verified were overruled by the probate court. Neither Remonia nor Frank contend the court erred in overruling their objections or even provide the standard of review for such a claim. (*Ewald v. Nationstar Mortgage, LLC* (2017) 13 Cal.App.5th 947, 948 [failing "to articulate the standard of review on appeal [is] in and of itself a potentially fatal omission"].) Nor is reasserting the same arguments made below sufficient to demonstrate reversible error. (*FLIR Systems, Inc. v. Parrish* (2009) 174 Cal.App.4th 1270, 1276 ["We do not retry cases on appeal"].)

Remonia and Frank make substantive arguments that also lack adequate factual and legal support. Remonia's entire "argument" section of her opening brief includes only four citations to the record, all of which are limited to the first of her nine claims of error. (*Professional Collection Consultants v. Lauron* (2017) 8 Cal.App.5th 958, 970 [factual assertions "*must be supported by a citation to the record*"].) While Frank's argument provides a few more record citations, they do not support his allegations. For instance, Frank claims three times that he was denied the "full" trust documents; however, each time he cites to the same proof of service indicating that Mildred's will and trust had been served on him at least twice.

Relatedly, since the briefing contains limited record citations, we cannot determine whether Remonia and Frank raised their arguments below. Generally, " ' "issues not raised in the trial court cannot be raised for the first time on appeal." ' " (*Doe WHBE 3 v. Uber Technologies, Inc.* (2024) 102 Cal.App.5th 1135, 1152.) Remonia and Frank both assert John's counsel engaged in misconduct, but the only reference to attorney misconduct in the record is contained in their proposed settled statement, which the probate

6

court did not approve because it contained "facts that are not in the appellate record." Thus, we decline to consider the argument.

Further, "[m]ere suggestions of error without supporting argument or authority other than general abstract principles do not properly present grounds for appellate review." (*Department of Alcoholic Beverage Control v. Alcoholic Beverage Control Appeals Bd.* (2002) 100 Cal.App.4th 1066, 1078; accord, *Bishop v. The Bishop's School* (2022) 86 Cal.App.5th 893, 910 [failing to adequately develop appellate claims "justifies rejection of [the] argument on this basis alone"].) Remonia's and Frank's legal arguments are undeveloped and unsupported. They contend, for instance, that John "should not be able to institute rent for property occupation for which was already adjudicated," claiming without any analysis or legal authority, that "the Unlawful Detainer for this property has jurisdiction on whether there should be rent."[7] They also assert the terms of the trust forbid the sale of the Oakland property "until at least December 2025," but do not explain how they reached this conclusion or offer any legal authority supporting their interpretation.[8] Accordingly, Remonia and Frank have forfeited their claims on appeal by failing to develop or support them with accurate citations to the record and pertinent legal authority.

## DISPOSITION

The November 10, 2022 order after hearing is affirmed. In the interests of justice, we decline to award costs. (Cal. Rules of Court, rule 8.278(a)(5).)

---

[7] This assertion is, of course, incorrect as unlawful detainer determines right to possession. (*Stancil v. Superior Court* (2021) 11 Cal.5th 381, 394.)

[8] We review trust instruments de novo (*Estate of Cairns* (2010) 188 Cal.App.4th 937, 944), and the record shows no basis for their argument.

DESAUTELS, J.

We concur:


STEWART, P.J.


RICHMAN, J.


*Williams v. Bowie et al.* (A166994)