Filed 6/1/26  Marriage of Jacobs CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re Marriage of ERICA and JONATHAN JACOBS. | |
| ERICA JACOBS,<br><br>        Respondent,<br><br>v.<br><br>JONATHAN JACOBS,<br><br>        Appellant. | A174154<br><br>(San Mateo County Super. Ct. No. 20FAM00918) |

**MEMORANDUM OPINION**[1]

Jonathan and Erica were married in 2014 and separated in 2020; they share one minor child.[2]  In June 2020, Erica filed a petition for divorce and application for domestic violence restraining order.  In July 2020, the court

---

[1] We dispose of this appeal by memorandum opinion because it "raise[s] no substantial issue of law or fact."  (Cal. Stds. Jud. Admin., § 8.1; see also Ct. App., First Dist., Local Rules of Ct., rule 19, Abbreviated Opinions; see also *People v. Garcia* (2002) 97 Cal.App.4th 847, 853 ["Memorandum opinions may vary in style, from a stereotyped checklist or 'fill in the blanks' form to a tailored summary of the critical facts and the applicable law"].)

[2] Because the parties share the same surname, we use their first names for clarity.  We intend no disrespect.

1

granted the restraining order request, which was renewed in February 2023 for five years.

In March 2025, Jonathan filed a request to change or end the restraining order, which gives rise to this appeal. In addition to terminating the restraining order, Jonathan requested joint custody of their child, co-parenting classes, a declaration that Erica "is responsible for child support cost[s] incurred pursuant to [Code of Civil Procedure section] 128.5," and that "charges of perjury [be] brought against [Erica] pursuant to [Penal Code section] 118."[3]

Jonathan argued the restraining order was no longer necessary because he did not pose a "reasonable threat" and Erica "ha[d] routinely been seeking every opportunity to raise false concerns" about him, when Erica "ha[d] been the only aggressor with regard to custody and visitation."

In April 2025, Erica filed a response to Jonathan's request. Erica claimed to be "afraid that Jonathan will continue to abuse [her] in the future based on the past abuse," noting that Jonathan had been arrested in February 2021 for coming to her house in violation of the restraining order. Further, Erica argued Jonathan's requests to modify custody were not properly before the court on a request to end the restraining order and his claims of perjury were "baseless," "unsupported," and "beyond the purview of the Court."

The court held a related hearing on May 1,[4] and issued written findings and an order in June. Instead of terminating the restraining order, the court

---

[3] Code of Civil Procedure section 128.5 authorizes sanctions for litigation "actions or tactics, made in bath faith" or "frivolous," and Penal Code section 118 is the criminal statute for perjury.

[4] We do not have a transcript of the May 1 proceedings.

modified it to permit "[a]ny peaceful communication regarding the Parties' minor Child . . . via text message." The restraining order otherwise "remain[ed] in place."

On May 6, 2025, five days after the May 1 hearing, Jonathan filed a request for order, seeking "[r]econsideration of the orders made at hearing on 5/1/2025." The court denied the motion in August 2025, explaining that Jonathan "did not meet his burden to prove the termination of the restraining order is appropriate," and presented "no new or different facts, circumstances, or new law" warranting reconsideration.

Two days after the court denied his motion for reconsideration, Jonathan filed a notice of appeal.

## DISCUSSION

"We do not retry cases on appeal." (*FLIR Systems, Inc. v. Parrish* (2009) 174 Cal.App.4th 1270, 1276.) To the contrary, we presume the lower court's rulings are correct, and the appellant bears the burden of affirmatively showing error. (*Universal Home Improvement, Inc. v. Robertson* (2020) 51 Cal.App.5th 116, 125.) These rules apply equally to self-represented parties like Jonathan. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247.)

To show error, the appellant " 'must supply [us] with some cogent argument supported by legal analysis and citation to the record.' " (*United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 146, quoting *City of Santa Maria v. Adam* (2012) 211 Cal.App.4th 266, 286–287.) This obligation includes providing the applicable standard of review. (*Ewald v. Nationstar Mortgage, LLC* (2017) 13 Cal.App.5th 947, 948 [failing "to articulate the standard of review on appeal [is] in and of itself a potentially fatal omission"].) "Mere suggestions of error without supporting argument or

3

authority other than general abstract principles do not properly present grounds for appellate review" and "justifies rejection of [appellant's] argument on this basis alone." (*Department of Alcoholic Beverage Control v. Alcoholic Beverage Control Appeals Bd.* (2002) 100 Cal.App.4th 1066, 1078; *Bishop v. The Bishop's School* (2022) 86 Cal.App.5th 893, 910.)

Further, " 'Any statement in a brief concerning matters in the appellate record—whether factual or procedural and no matter where in the brief the reference to the record occurs—*must be supported by a citation to the record,*' " and "courts will decline to consider any factual assertion unsupported by record citation *at the point where it is asserted*." (*Professional Collection Consultants v. Lauron* (2017) 8 Cal.App.5th 958, 970; *Alki Partners, LP v. DB Fund Services, LLC* (2016) 4 Cal.App.5th 574, 590, fn. 8, italics added.)

Here, Jonathan's record and briefing are inadequate such that they do not allow for appellate review. Jonathan's briefing does not use full sentences, makes several unintelligible arguments, and, at times, appears to challenge orders and findings that Jonathan neither appealed from nor included in the record. To the extent we can understand Jonathan's argument as defined by the single heading—"The superior court erred in denying appellant's motion to end the restraining order because new evidence supports that this order has been influenced by perjury"—he attempts to relitigate the matters decided by the trial court and fails to include appropriate citations to the record, a full or adequate record, or any legal authority supporting his position. Such a conclusory statement is insufficient to carry Jonathan's burden on appeal. (*Bishop v. The Bishop's School, supra,* 86 Cal.App.5th at p. 910 [failure to develop arguments by "stating the law, and calling out relevant portions of the record, [which show] that the trial

4

court committed reversible error," "justifies rejection of [appellant's] argument[s] on this basis alone"].) Accordingly, Jonathan has forfeited his claims on appeal by failing to develop or support them with accurate citations to the record and pertinent legal authority.

In any event, we can identify no abuse of discretion. A party seeking to end a domestic violence restraining order bears the burden of proof of showing a change in facts, a change in the law, or that " 'the ends of justice would be served by the modification or dissolution' " of the restraining order. (*Loeffler v. Medina* (2009) 174 Cal.App.4th 1495, 1504.) We review orders denying motions to terminate restraining orders for abuse of discretion and apply a substantial evidence standard to any factual findings. (*Id.* at p. 1505.) Here, Jonathan made no attempt before the trial court to demonstrate a basis for ending the restraining order; rather, he accused Erica of being "the aggressor" and "cancelling" visits with their child. Even if true, these facts do not demonstrate a change sufficient to warrant termination of the restraining order, nor do they show the ends of justice would be served if Jonathan still posed a reasonable threat, as Erica declared in opposition to Jonathan's motion. Accordingly, the trial court did not abuse its discretion in denying Jonathan's request to terminate the restraining order and subsequent motion for reconsideration.

## DISPOSITION

The June and August 2025 orders are affirmed. We decline to award costs. (Cal. Rules of Court, rule 8.278(a)(5).)

5

DESAUTELS, J.

We concur:

STEWART, P. J.

MILLER, J.

*In re Marriage of Jacobs* (A174154)